**HAAS v. SACHS et al.**

**No. 9714.**

Circuit Court of Appeals, Eighth Circuit.

Dec. 28, 1933.

Henry M. Armistead, George M. Armistead, and W. H. Rector, all of Little Rock, Ark., for appellant.

J. W. House, C. H. Moses, W. H. Holmes, Eugene R. Warren, and House, Moses & Holmes, all of Little Rock, Ark., for appellees.

Before GARDNER, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

GARDNER, Circuit Judge.

Jack Fine's Palais Royal Stores, Inc., was adjudged a bankrupt on the 17th of November, 1931. Within four months preceding the filing of the petition in bankruptcy, the bankrupt paid appellant $2,000. In the course of the bankruptcy proceedings, appellant filed his claim for $17,800, alleged to be the balance due him from the bankrupt. To the allowance of this claim the trustee in bankruptcy filed objection, alleging that within four months preceding the filing of the bankruptcy petition, and at a time when the bankrupt was insolvent, appellant had received upon said claim a payment of $2,000 from the bankrupt, the effect of which payment was to give appellant a greater percentage of his claim than other creditors of the same class, and that appellant received such payment "with reasonable cause for belief that such would be the effect thereof, and thereby received a preference," which he had not surrendered. On hearing, the referee sustained the trustee's objection, and ordered that the claim be postponed and not allowed until such time as appellant should surrender the said preference. On petition for review of this order of the referee, the lower court found that "The said claimant received a voidable preference by the payment to him by the bankrupt of the sum of $2,000.00, approximately three weeks prior to bankruptcy, and it is therefore ordered that the said claim be postponed and not allowed until such time as the said claimant surrenders the said preference."

From this order appellant prosecutes this appeal.

The bankrupt, under date July 2, 1931, executed and delivered to the appellant two promissory notes of $10,000 each, payable on October 10, 1931. On November 3, 1931, the bankrupt paid appellant $2,000 on the indebtedness represented by these notes, which the lower court adjudged claimant must surrender as a voidable preference, as a condition to the allowance of the balance of his claim.

The pertinent provisions of the Bankruptcy Act § 60 are as follows:

"(a) A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication * * * made a transfer of any of his property, and the effect of the enforcement of such * * * transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. * * *

"(b) If a bankrupt shall * * * have made a transfer of any of his property, and if, at the time of the transfer * * * and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the * * * transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have

reasonable cause to believe that the enforcement of such * * * transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person." 11 USCA § 96 (a, b).

In general, it may be said that a voidable preference is established by proof that a person, while insolvent, and within four months of the bankruptcy, made a transfer of property, the effect of which will be to enable one creditor to obtain a greater percentage of his debt than other creditors of the same class, if the person receiving it or to be benefited thereby, has reasonable cause to believe that the enforcement of the transfer will result in a preference. Mayes v. Palmer (C. C. A. 8) 208 F. 97; Mansfield Lumber Co. v. Sternberg (C. C. A. 8) 38 F.(2d) 614; W. S. Peck & Co. v. Whitmer (C. C. A. 8) 231 F. 893.

While section 93 (g), 11 USCA, section 57g of the Bankruptcy Act, provides that the claims of creditors who have received preferences voidable under the foregoing quoted sections shall not be allowed unless such preferences shall be surrendered, the burden of proving the existence of the essential elements of a preferential transfer is upon the trustee seeking to avoid it. If any of these elements is wanting, a transfer cannot be set aside as a voidable preference.

There can be no doubt of the correctness of the findings of the referee and the lower court to the effect that the bankrupt was insolvent at the time of making the payment in question. It confessedly was within four months of the filing of the petition in bankruptcy, and the real crux of this controversy is whether or not the effect of this payment was to enable appellant to obtain a greater percentage of his debt than the other creditors of the same class, and whether he had reasonable cause to believe that the enforcement of the payment would result in a preference.

Appellant received in this payment exactly 10 per cent. of his claim. During the same period other creditors received payments totaling approximately $4,500. It does not appear whether the percentage paid these other creditors was greater or less than 10 per cent. of their claims. Two of the creditors were confessedly paid in full. It appears from the record that at the time of the filing of the petition in bankruptcy the bankrupt owed at least $135,000, and the schedules filed indicate an indebtedness totaling $163,931.61. At the time the challenged payment was made, the bankrupt owed about the same amount. At the date of the hearing before the referee, the trustee had recovered from liquidation of the assets of the bankrupt the sum of $33,865.02.

In this condition of the record, appellant contends that at the time he received the $2,000 payment the bankrupt had assets more than sufficient in value to pay 10 per cent. of all his indebtedness, and hence it is argued there was no voidable preference. If we accept the sum of $163,931.61 as representing the bankrupt's indebtedness at the time he made the payment to appellant, then the amount necessary to pay 10 per cent. on all his indebtedness was $16,393.16; but it is urged that this is not the test, because the allowance of the balance of appellant's claim would result in giving him an advantage over other creditors. If this contention of appellee is sustained, then every payment within four months would be a preference if the bankrupt were insolvent. We think the question is not an open one in this jurisdiction.

If enough assets remain after a transfer to one creditor to give other creditors in the same class as great or greater percentage of their claims, then no voidable preference results. W. S. Peck & Co. v. Whitmer (C. C. A. 8) 231 F. 893, 897; Mansfield Lumber Co. v. Sternberg (C. C. A. 8) 38 F.(2d) 614, 617.

This court has held that whether the effect of the transfer will be to enable the creditor receiving it to obtain a greater percentage of his claim than other creditors of the same class, is to be determined as of the date of the actual transfer, and not as of some future date when later events have altered the assets or liabilities, or when court liquidation may have caused shrinkage of values and other losses. In considering this question, Judge Carland, speaking for this court in W. S. Peck & Co. v. Whitmer, supra, among other things, said:

"It is argued that the words 'will be' refer to some future period, presumably to the time when, after the payment of all expenses, a bankrupt's estate is ready for distribution by a court of bankruptcy. We are of the opinion, however, that by the very language of section 60b [11 USCA § 96 (b)] the payment must operate as a preference at the time it is made, or not at all, and the belief of the creditor as to whether it will constitute a preference or not, must be of the time the payment is made.

"Taking the record as it stands, how could the appellants be held to have believed that if

the estate of the bankrupt had been distributed at the time of these payments it would not have given every creditor a greater percentage of their debts than they were receiving. The estate of the bankrupt at the time the payments were made, would have paid about 60 per cent. on the dollar. The creditor who receives a partial payment on his debt, so far as the question of his having reasonable cause to believe that the enforcement of the payment would effect a preference is concerned, has the right to look at the bankrupt's estate at the time the payment is made, bankruptcy may never occur; but if it does, the creditor may not be charged with a knowledge of what an estate will pay out after it has undergone the shrinking process of the courts."

The doctrine of the Peck Case was reaffirmed by this court in an opinion by Judge Booth in Mansfield Lumber Co. v. Sternberg, supra, where it is said:

"It is manifest that, if all creditors of the same class were to receive the same percentage on their debts, there would be no preference. Remington on Bankruptcy (3d Ed.) § 1807. Or, if enough assets were left after a transfer to one creditor to give to other creditors in the same class an equal or greater percentage of their debts, there was no preference."

██ It conclusively appears that, at the time appellant received the $2,000 payment, the bankrupt still had sufficient assets to pay to other creditors in the same class a greater percentage of their debts.

So far as this question of time of cause to believe is concerned, it is observed that the statute specifically fixes that time as the date when the transfer or payment is made. The section provides that "if at the time of the transfer or of the entry of the judgment * * * the bankrupt be insolvent," and the person receiving the preference "shall *then* have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, it shall be voidable." The word "then" manifestly refers to the time of the transfer or entry of judgment, or, in the instant case, the time of payment of the $2,000.

The late Judge Sanborn, speaking for this court, in Paper v. Stern, 198 F. 642, 644, said:

"Proof of knowledge of facts which give a creditor, or a person benefited by a preference, reasonable cause to believe *at the time of the transfer* that it is intended to give a

preference thereby, is indispensable to the establishment of a voidable preference." (Italics supplied.)

There was therefore no voidable preference, and the order appealed from is reversed, and the cause remanded to the lower court for further proceedings not inconsistent herewith.

Judge WOODROUGH dissents.