**KESTER v. ADAMS et al.** *
No. 8131.

Circuit Court of Appeals, Ninth Circuit.
Aug. 3, 1936.

*Writ of certiorari denied 57 S. Ct. 234, 81 L. Ed. ——.

Orr Chapman and Marshall Chapman, both of Twin Falls, Idaho, for appellant.

John W. Graham, of Twin Falls, Idaho, and Sam S. Griffin, of Boise, Idaho, for appellees.

Before WILBUR, DENMAN, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

This cause presents an appeal from the decree of the trial court adverse to appel-lant, who brought suit to set aside two al-leged fraudulent conveyances of real prop-erty in Jerome county, Idaho, made by Charles H. Helmer, now deceased, to his wife. Appellant is the trustee in bank-ruptcy of the estate of Charles H. Helmer, now deceased.

It is admitted by the pleadings that Helmer and his wife owned the property in question as community property prior to January 10, 1925. On that date there was transferred to Helmer 200 shares of the capital stock of the First National Bank of Twin Falls, Idaho, and he became a director of that bank. On January 4, 1927, Helmer acquired 110 shares of the same kind of stock in the banking asso-ciation.

On May 31, 1927, Helmer executed a deed to a part of the property in question to his wife, in which the consideration was expressed as "the sum of One Dollar and love and affection." This deed, admitted in evidence, was acknowledged on June 1, 1927. The other deed was dated September 26, 1928, expresses the consideration as "the sum of One dollar and other valuable consideration," was acknowledged the same day, and described the remainder of the property in question.

On December 21, 1929, Helmer ac-quired 75 shares of the bank stock, and on October 20, 1930, acquired 15 shares, mak-ing a total of 400 shares of the bank stock which stood in the name of Helmer. In the bill it is alleged that, "by reason of the laws of the United States relating to national banks, the said Charles H. Helmer [on the dates the stock was transferred] assumed the contractual liability of a stock-holder of a national banking corporation to the extent represented by the said trans-fers."

The bank, above mentioned, closed its doors on December 3, 1931, and has been since that time under the supervision of the Comptroller of the Currency of the United States. The first deed mentioned was filed for record on December 4, 1931, and recorded, and the second deed was filed for record the next day and recorded.

The receiver of the bank obtained judg-ment against Helmer on July 18, 1932, for $41,024.49, and as alleged in the bill "on account of the statutory stockholders lia-bility * * * which had been levied as an assessment against * * * Helmer * * * for the purpose of paying the contracts, debts and engagements of the

said [bank] entered into and incurred by said national banking corporation during the time the said * * * Helmer was a stockholder of the same and prior to the execution and recording of said deeds and conveyances. * * *" On March 24, 1934, Helmer filed his voluntary petition in bankruptcy, and was adjudicated a bankrupt on March 26, 1934.

The bill alleged that the conveyances were made by Helmer "for the purpose of attempting to escape and avoid his liability as a stockholder of said" bank; and "that said deeds were executed and recorded fraudulently and for the purpose of defeating and defrauding the creditors of said" Helmer.

Most of the issues are disclosed by the following allegations of the answer:

" * * * That the relationship created by said * * * Helmer, after purchasing of said stock, was a statutory obligation and not that of contract."

" * * * That said conveyances were executed and delivered * * * for the sole and only purpose of securing [Helmer and his wife] a little security during old age; that there were no creditors existing at that time * * * and that there are no creditors now existing except [the] statutory liability as owner of shares of stock in" the bank mentioned.

At the conclusion of appellant's evidence, the court granted motion of appellees for a nonsuit, upon which a decree was entered; hence this appeal.

Appellant contends that the deeds are invalid because there was no "intent on the part of the grantor to convey."

■ The general rule is stated to be "that the delivery of a deed with the consent of the grantor is essential to pass title, and that an instrument of conveyance never delivered but obtained without the knowledge or consent of the grantor does not divest the grantor's title." Cobban v. Conklin (C.C.A.9) 208 F. 231, 236.

In Idaho definite rules relating to the sufficiency of delivery have been made. In Bowers v. Cottrell, 15 Idaho, 221, 96 P. 936, the syllabus was by the court, which said in the fourth paragraph thereof: "No particular form of delivery of a deed is required. Whether there was a delivery of a deed so as to pass title depends, in a great measure, upon the particular circumstances of each case; the test being, was a delivery made by grantor to grantee, or

some other person for grantee, and accepted by the grantee with the intention of passing title and making such instrument the deed of the grantor? Delivery includes surrender and acceptance, and both are necessary to its completion. The grantor must be willing and agree to deliver, and the grantee must be willing and consent to receive, and this accord of wills must be evidenced in some way, to show the unequivocal intention of both parties that the instrument shall take effect according to its purport and tenor."

And in Flynn v. Flynn, 17 Idaho, 147, 104 P. 1030, the court said in the second paragraph by its syllabus: "As to what constitutes a sufficient delivery of a deed is largely a matter of intention, and the usual test is: Did the grantor by his acts or words, or both, manifest an intention to make the instrument delivered his deed, and thereby devest himself of title?"

■ The burden of proof is on appellant to show nondelivery of the deeds. Flynn v. Flynn, supra, 17 Idaho, 147, 104 P. 1030, at page 1035.

■ There was admitted in evidence the testimony of Helmer's attorney, taken before the referee in bankruptcy as follows: " * * * I prepared the deeds and after the deeds were prepared I then asked Mr. Helmer what he wanted to do with them and he said he wanted to deliver them to his wife, and I handed the deeds to the Missus, who was in the office at that time, and she took the deeds away."

This clearly shows a valid delivery of the deeds.

■ Appellant relies on evidence showing that Helmer treated the property as community property or his sole and separate property. Examples of this kind of evidence are management of the property by Helmer, payment of taxes by Helmer, deposit of receipts from the property in Helmer's account, payment of expenses from the same account, application for loans on the property, and other matters. This testimony is, however, of little value. Once the conveyances were complete by valid deliveries, the title passed, and Helmer was powerless to transform a good delivery into an insufficient one, by such inconsistent acts.

We have passed on this question with some hesitation because it does not seem to have been an issue before the trial court.

Where one seeks to set aside a conveyance in Idaho alleging that it is fraudulent as to creditors, the burden of proof is on the one alleging the fraud. Kerns v. Washington Water Power Co., 24 Idaho, 525, 135 P. 70, 74. And in Idaho the fact that the parties to the conveyance may be in the relationship of husband and wife does not change that rule and impose the burden of proof on the party alleging the validity of the conveyance. Bank of Orofino v. Wellman, 26 Idaho, 425, 143 P. 1169, 1171; McMillan v. McMillan, 42 Idaho, 270, 245 P. 98, 99.

Appellant argues that, when Helmer became a stockholder, the indebtedness owing by the bank constituted a pre-existing debt of Helmer because of the alleged contractual nature of a stockholder's liability, that a transfer of property to defraud future creditors is void as against such creditors, and that the conveyances in question were, as such, fraudulent. As will be shown herein, we see no occasion to pass on these questions.

In McMillan v. McMillan, supra, at page 99 of 245 P., it is said that "a man may, in good faith, convey his property to his wife or anybody else, and it is no concern of his creditors, if he still retains sufficient property to satisfy their legal demands." And in Snell v. Prescott, 48 Idaho, 783, 285 P. 483, 484, it is said: "However, a majority of the courts take a less extreme view, holding usually that, if the creditor has property remaining amply sufficient to pay his creditors, the mere fact of indebtedness will not render a voluntary conveyance void as to his creditors. [Citations.]"

The trial court said in its opinion: "No evidence appears tending to show that the bankrupt [Helmer] did not have remaining sufficient property to meet his then obligations and even an unanticipated and unknown assessment which could not have exceeded $31,000.00, made some five years after the conveyance. In fact it is fair to conclude from the evidence to the contrary." Kester v. Helmer (D.C.) 16 F. Supp. 260.

As a matter of fact, the only evidence concerning Helmer's solvency are certain financial statements made by Helmer in 1927 and 1928. Two of these statements were made to Boise City National Bank, one to the bank here involved, and one to a bonding company. Each of them disclosed a net worth far in excess of any possible assessment. Thus, whether the stockholder's liability was a present or future indebtedness does not seem to present a practical question, for in neither case could there be fraud in the conveyances.

The last point raised by appellant is that appellees are estopped, under the facts and circumstances of this case, from asserting that the property in question is not community property of Helmer and his wife, and relies on Chaney v. Gauld Co., 28 Idaho, 76, 152 P. 468; Overland National Bank v. Halveston, 33 Idaho, 489, 196 P. 217.

We are unable to apply the doctrine of estoppel to the facts herein. It is held in Idaho that equitable estoppel, such as is sought to be applied to this case, may be invoked only where the person urging it has relied on the facts showing the estoppel, and has been misled to his injury. City of Coeur d'Alene v. Spokane & I. E. R. Co., 31 Idaho, 160, 169 P. 930. There is neither pleading nor proof that any one either relied on the circumstances related in evidence or was misled to his injury. Under such situation, no estoppel arises.

Affirmed.