In re MASON.

No. 8346.

District Court, E. D. Washington, N. D.

April 9, 1943.

A. J. Hensel, of Waterville, Wash., and Frank P. Weaver, of Spokane, Wash., for appellant.

Robert F. Murray, of Wenatchee, Wash., for trustee.

SCHWELLENBACH, District Judge.

On May 14, 1942, adjudication of bankruptcy in this matter was entered. On January 19, 1942, bankrupt had transferred certain personal property to Sherman A. Harn, one of the creditors to whom he was indebted for wheat delivered the previous fall. He also had paid $250 in cash and executed a mortgage on certain other personal property and had made an assignment of certain of his accounts receivable to Harn on the same day. The Trustee filed with the Referee a petition for a rule vacating preference. Testimony was taken before the Referee and, in an opinion in which he set forth his findings of fact and conclusions of law, the Referee sustained the position of the Trustee on the ground that the transaction of January 19, 1942, was an avoidable preference. This is an appeal from the Referee's order.

782

A preference is a transfer of any of the property of the debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by the debtor while insolvent and within four months before the filing by or against him of a petition in bankruptcy, the effect of which will be to enable the creditor to obtain a greater percentage of his debt than some other creditor of the same class. 11 U.S.C.A. § 96, sub. a. Such preference may be avoided by the trustee if the creditor receiving it has, at the time when the transfer is made, reasonable cause to believe that the debtor is insolvent. 11 U.S.C.A. § 96, sub. b. A person is deemed insolvent in the bankruptcy sense whenever the aggregate of his property, exclusive of any property which he may have conveyed, transferred, concealed or removed or permitted to be concealed or removed, with intent to defraud, hinder or delay his creditors, shall not, at a fair valuation, be sufficient in amount to pay his debts. 11 U.S.C.A. § 1, sub. 19. In this case the testimony reveals a transfer by the bankrupt to Harn of assets within four months of the filing in these proceedings. There is no testimony from which it might be concluded that the bankrupt was insolvent in the bankruptcy sense at the date of the transfer. Such proof is essential. Kester v. Adams, 9 Cir., 85 F.2d 646, certiorari denied 299 U.S. 608, 57 S.Ct. 234, 81 L.Ed. 448; Everett v. Warfield Mining Co., 4 Cir., 37 F.2d 328; In re Aughenbaugh, D.C., 33 F.Supp. 671. Furthermore, there was no testimony submitted in support of the conclusion that, as a result of the transfer, Harn received a greater percentage of his debt than any other creditors of the same class. Such testimony also is essential to justify an avoidance of the transfer. Mansfield Lumber Co. v. Sternberg, 8 Cir., 38 F.2d 614; Williams v. Bank of America Nat. Ass'n 2 Cir., 55 F.2d 884, 885; Irving Trust Co. v. Townsend, 2 Cir., 65 F.2d 406; Haas v. Sachs, 8 Cir., 68 F.2d 623.

While presumptively a Referee's findings of fact are correct, they need not be accepted by the Court if they are clearly erroneous. General Orders in Bankruptcy 47, 11 U.S.C.A. following Section 53; 6 Am.Jur. 566; Yutterman v. Sternberg, 8 Cir., 86 F.2d 321, 111 A.L.R. 736; In re Duvall, 7 Cir., 103 F.2d 653; Kowalsky v. American Employers Ins. Co., 6 Cir., 90 F.2d 476.

Since there was no testimony as to the insolvency of Mason at the time of the transfer and since there was no testimony that Harn received a greater percentage of his debt than other creditors of his class, the action of the Referee was clearly erroneous and the order of the Referee is reversed and vacated.