**LANDY v. SILVERMAN.**
No. 4543.

United States Court of Appeals,
First Circuit.
May 16, 1951.

John N. Alberti, North Adams, Mass., (Bernard Lenhoff, North Adams, Mass., with him on brief), for appellant.

Frederick M. Myers, Jr., Pittsfield, Mass. (Frederick M. Myers, Pittsfield, Mass., with him on brief), for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal from a summary judgment, made on the court's own motion, in favor of plaintiff-appellee who is the trustee in bankruptcy of The Cheshire Inn Corporation, the bankrupt.

The complaint alleges in substance that The Cheshire Inn Corporation was adjudged a bankrupt on April 10, 1950; that

prior to January 30, 1950, the bankrupt held a Common Victualler's license and All Alcoholic license which enabled the bankrupt to conduct the business of operating said Inn; that the bankrupt was insolvent from a period not later than December 1, 1949, and continued to be in an insolvent condition until the date of adjudication; that Landy was since December 1, 1949, the president of the bankrupt corporation and that he was fully aware of the insolvent condition of the bankrupt; that on January 30, 1950, the shareholders and directors of the bankrupt held a special meeting and voted to transfer said licenses to Landy; that the bankrupt surrendered said licenses to the selectmen of the Town of Cheshire, Massachusetts, and caused action to be taken to transfer said licenses to Landy; that at the first meeting of the creditors of the bankrupt held on May 26, 1950, Landy admitted that the transfer of said licenses to him was without consideration and agreed to retransfer said licenses to the bankrupt; that Landy refuses to take any action to retransfer to the bankrupt either of said licenses; that the trustee is in no position to negotiate for a sale of the assets of the bankrupt estate until after an order has been made with reference to the retransfer of said licenses and that delay in ordering the retransfer of said licenses may result in the renewal of said licenses by some person other than the trustee or the successors of the bankrupt corporation, thereby resulting in forcing the trustee to sell the assets of the bankrupt at a price much less than their true value.

The complaint prayed that the court order Frank C. Landy, the defendant-appellant, to take such action as might lie within his power to accomplish the transfer of the All Alcoholic and Inn Holders' licenses to the trustee which were formerly held by the bankrupt but are now held by Landy.

The complaint also prayed that the court decree that the transfer of said licenses to Landy was fraudulent and void within the meaning of the Bankruptcy Act, 11 U.S.C. A. § 1 et seq.

Landy filed an answer September 27, 1950, in which he admitted certain allegations of the complaint and denied others.

In his answer he alleged that The Cheshire Inn Corporation was indebted to him for wages covering a substantial period of time approximating two years and that any action taken by The Cheshire Inn Corporation in surrendering said licenses was taken in consideration of the corporation's indebtedness to him. He denied that at the first meeting of the creditors of the bankrupt he admitted the transfer of said licenses to him was without consideration and that he agreed to transfer said licenses to the bankrupt.

The district court entered judgment on September 29, 1950, wherein it stated in part:

"It appearing that the pleadings clearly disclose a situation where action should be taken summarily, it is thereupon, on the Court's own motion,

"Ordered, that summary judgment be entered for the plaintiff, and that the defendant transfer or surrender, through whatever means are lawful, all his right, title and interest in the innholder's license and the alcoholic beverage license, to the trustee of the bankrupt estate."

On October 2, 1950, the district court filed "Findings of Fact and Conclusions of Law" in which it stated in part:

"1. The transfer of the All Alcoholic license and Inn Holders' license made by the bankrupt to the defendant on January 30, 1950 was a preferential transfer within the meaning of Section 60 of the Bankruptcy Act.

"2. This Court has jurisdiction under Section 23 of said Bankruptcy Act to order the defendant to transfer or surrender, through whatever means are lawful, all his right, title and interest in said licenses, to the trustee of the bankrupt estate."

■ The district court has jurisdiction under the Bankruptcy Act. Schumacher v. Beeler, 293 U.S. 367, 55 S.Ct. 230, 79 L.Ed. 433; Collier on Bankruptcy (14th Ed.), Vol. 2, § 23.15, p. 571 et seq.

■ The district court heard no testimony and the pleadings do not support its conclusion that the transfer of said licenses by the bankrupt to Landy on Jan-

uary 30, 1950, was a preferential transfer within the meaning of Sec. 60 of the Bankruptcy Act. In re Mason, D.C., 49 F.Supp. 781; Haas v. Sachs, 8 Cir., 68 F.2d 623; Mansfield Lumber Co. v. Sternberg, 8 Cir., 38 F.2d 614; Collier on Bankruptcy (14th Ed.) Vol. 3, §§ 60.34–60.35, pp. 865–874.

Among other things, the pleadings raise a genuine issue as to whether or not Landy received a greater percentage of his debt than some other creditor of the same class. The presence of such an issue precludes summary judgment. Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. See Sprague v. Vogt, 8 Cir., 150 F.2d 795.

It is our opinion that Landy is entitled to a hearing on the issues raised in the pleadings. The court in the Sprague case, supra, said, 150 F.2d at page 801: " * * * That one reasonably may surmise that the plaintiff is unlikely to prevail upon a trial, is not a sufficient basis for refusing him his day in court with respect to issues which are not shown to be sham, frivolous, or so unsubstantial that it would obviously be futile to try them."

Paragraph 10 of the complaint is concerned with the fraudulent transfer of the assets of the bankrupt for the sole benefit of Landy in derogation of the rights of the creditors of the bankrupt. Landy denies this allegation. This matter may be inquired into at the hearing on the merits, especially with reference to § 70, sub. e of the Bankruptcy Act. ·

Landy's contention that the licenses here are not property is unrealistic. It was held in Fisher v. Cushman, 1 Cir., 103 F. 860, 51 L.R.A. 292, that a liquor license is "property" within the meaning of the Bankruptcy Act. See note to Fisher v. Cushman, 43 C.C.A. 381, 390. See Collier on Bankruptcy (14th Ed.), Vol. 4, § 70.22, p. 1107.

If, upon the hearing of this case on the merits, the district court should find that the transfer of the licenses was fraudulent or preferential, the substance of the order contained in the judgment entered September 29, 1950, would appear to be proper.

The judgment of the district court is reversed and the case is remanded for further proceedings not inconsistent with this opinion; the appellant recovers costs on appeal.