James G. PUCKETT, Appellant,

v.

James L. ELSNER, Appellee.

Court of Appeals of Kentucky.

June 7, 1957.

Philip L. Haller, Louisville, for appellant.

Edward J. Hogan, Louisville, for appellee.

SIMS, Judge.

Plaintiff, James G. Puckett, while crossing Bells Lane on the outskirts of Louisville on August 15, 1955, was struck and injured by the automobile of defendant, James L. Elsner, and he sued Elsner for $10,500 damages. The complaint averred the accident was caused by the negligence of defendant. The answer denied negligence and averred the accident was caused by the sole negligence of plaintiff and further pleaded contributory negligence upon the part of plaintiff.

Defendant took the deposition of plaintiff by way of discovery, and on this depo-

sition and the affidavits of two witnesses, the trial judge gave a summary judgment for defendant on the ground that plaintiff's deposition showed there was no genuine issue of fact and plaintiff was guilty of contributory negligence as a matter of law. On this appeal plaintiff insists the court erred in giving a summary judgment against him and contends that he is entitled to a jury trial.

The deposition and the affidavits reveal these facts. Plaintiff was 74 years of age at the time of the accident and was in the daily habit of walking from his home, two blocks north of Bells Lane, to a grocery on the south side of the lane. On the day in question he walked down the private road of a transportation company to where it intersects Bells Lane and crossed the lane at this point. There was no cross-walk at the intersection but there is some testimony it was regularly used as a cross-walk.

The accident happened around noon on a bright day and the macadam surface of the lane was dry. Plaintiff was returning home from the grocery when he stopped at a point on the south side of the lane opposite the private road he was accustomed to travel when returning to his home from the grocery. Plaintiff testified he could see 700 or 800 yards each way and that he looked both ways before he started across the road. Not seeing anything coming from either direction, he started across. The width of the road is not shown but it has two traffic lanes. There is a rather sharp curve in the road 700 or 800 yards east of the point where plaintiff was crossing.

When plaintiff had gotten about two-thirds of the way across the road, he suddenly saw defendant's car 10 or 12 feet from him. Defendant was traveling west at a speed described in the affidavit of Robert Warren as "too fast for the existing road conditions." At the time plaintiff saw defendant's car, he tried to jump out of the way but was unsuccessful and the

car hit him in his right side. After the accident a considerable number of feet of skid marks were seen on the roadway.

From the meager evidence in the record it appears there were no other vehicles on the road near the point of the accident and there was nothing to have prevented defendant from seeing plaintiff in the road when defendant came around the curve 700 or 800 yards away, nor was there anything to have prevented defendant from avoiding striking plaintiff by pulling his car around him.

Admitting arguendo that plaintiff was negligent in not seeing defendant's approaching car when he started across the road, yet if defendant discovered plaintiff's peril, and by the use of ordinary care could have avoided injuring plaintiff and failed to do so, then defendant is liable to plaintiff despite plaintiff's contributory negligence in crossing the road. Heskamp v. Bradshaw's Admr., 294 Ky. 618, 172 S.W. 2d 447.

A summary judgment must be cautiously granted and the procedure is not a substitute for a trial. It is a time-saving device and it should be granted only when the court is fully satisfied there is an absence of a genuine and material factual issue, and all doubt must be resolved in favor of the party opposing the motion. Hoskins' Admr. v. Ky. Ridge Coal Co., Ky., 277 S.W.2d 57; Harmon v. Bell, Ky., 284 S.W.2d 812. The party moving for a summary judgment under CR 56 has the burden of establishing that no genuine issue as to material fact exists and that he is entitled to a judgment as a matter of law. Clay CR, page 503, Comment 4. Even though the trial court should believe the party opposing the motion may not succeed at a trial, yet the court should not give a summary judgment if there is any material issue of fact. Clay CR, page 502; Landy v. Silverman, 1 Cir., 189 F.2d 80.

True, there is evidence in this record which would indicate plaintiff was

guilty of contributory negligence in not seeing defendant's approaching car when plaintiff testified he looked both ways before crossing the road. Vaughn v. Jones, Ky., 257 S.W.2d 583. However, plaintiff's deposition taken on discovery and the affidavits filed in his behalf indicate there might be a question for the application of the last clear chance doctrine. Since we do not have any evidence as to defendant's version of the accident and as all inferences of fact from the proof on motion for summary judgment are construed against movant, we cannot say the last clear chance doctrine would not apply here. Defendant did not show clearly and conclusively there was no issue as to any material fact here, as there is left unexplained his action immediately preceding the accident, and it would seem there is a question for determination of whether or not he could have averted the accident by the use of ordinary care after discovering plaintiff's peril.

The judgment is reversed and the case is remanded for trial.