**Bernardo Velez NAZARIO, Plaintiff,**

v.

**ALCOA STEAMSHIP COMPANY,**
**Defendant.**

**Civ. No. 221-59.**

United States District Court
D. Puerto Rico,
San Juan Division.

Feb. 11, 1960.

Golenbock & Nachman, Stanley L. Feldstein, San Juan, for plaintiff.

Fiddler, Gonzalez, Guillemard & Rodriguez, San Juan, for defendant.

RUIZ-NAZARIO, District Judge.

This action is now before the Court on a speaking motion to dismiss filed by the defendant predicated on Rule 12(b) (1) of the F.R.Civ.P. (lack of jurisdiction over the subject matter).

Although there is no provision in Rule 12(b) or in any of the Federal Rules of Civil Procedure permitting a defendant to allege in such a motion or to supplement it with exhibits tending to prove matters outside the record, which only may be raised and proven in a motion asserting the defense numbered (6) of said Rule (to dismiss for failure of the complaint to state a claim upon which relief can be granted), the court believes that the arguments made by the parties, in support of their respective contentions on the motion, suggest treating it as if it had also raised said defense number (6), and it will be therefore considered here as a motion to dismiss in which both of said defenses (1) and (6) of Rule 12(b) are raised.

So considered, the motion must be treated, under the last sentence of Rule 12(b), F.R.C.P. as one for a summary judgment and disposed of as provided in Rule 56 of the Federal Rules of Civil Procedure.

Under the Workmen's Accident Compensation Act of Puerto Rico (Title 11 L.P.R.A. §§ 26 and 28) the timely filing of payrolls and statements and the timely payment of the premiums is a requirement for becoming and being lawfully considered as an insured employer.

Indeed Sec. 28 of Title 11 L.P.R.A. (Cumulative Supplement to Titles 11 through 14, p. 11) provides that "It shall be the duty of every employer to file with the Manager, not later than July 20 of each year, a statement showing the number of workmen employed by said employer, the kind of occupation or industry of said workmen, and the total amount of wages paid to said workmen or industry during the preceding fiscal year."

The Manager of the Fund, for just cause shown by the employer, may extend said term for a period not exceeding 15 days.

The premiums are to be computed on the total amount of wages declared in said statement.

The third paragraph of said Section contains a proviso which reads as follows:

"Provided, That every employer who has not presented the statement to which this section refers within the term herein fixed, *shall be considered as an uninsured employer*". (Emphasis supplied).

The premiums are payable together with the filing of the statement.

The sixth paragraph of the section contains a proviso reading as follows:

"Provided, That any accident ocurring before payment of said premiums shall be considered as a case of an *uninsured employer*, unless the employer shall make such payment within the term fixed by the Manager of the State Fund, in which cases, the *insurance shall begin to run* from the date on which the employer *filed the payroll or statement* in the office of the Manager". (Emphasis supplied.)

The second sentence of the seventh paragraph of the section, provides:

"Until such payment is made by the *employer*, he *shall not be entitled to the immunities* provided by this chapter in regard to such injuries, diseases or deaths as may be suffered by the workmen or employees of such employer during the period covered by the payment of such premiums". (Emphasis supplied).

One of the immunities provided in the Chapter, to which the employer shall not be entitled under the above quoted sentence of Sec. 28, Title 11 L.P.R.A. Cumulative Supplement, is that contained in Sec. 21, Title 11 L.P.R.A. reading as follows:

"When an employer insures his workmen or employees in accordance with this chapter, the right herein established to obtain compensation shall be *the only remedy against* the employer; but in case of accident to, or disease or death of, the workmen or employees not entitled to compensation under this chapter, the liability of the employer is, and shall continue to be, the same as if this chapter did not exist." (Emphasis supplied.)

In paragraphs seventh, eighth, ninth, tenth and twelfth of the complaint herein it is alleged that plaintiff was on July 2, 1958 an employee of the defendant, that the latter had the duty, under the laws of the Commonwealth of Puerto Rico (citing Sections 26 and 28 of Title 11 L.P.R.A.) to pay premiums timely and to file payrolls and statements timely, otherwise the employer must be considered as an uninsured employer; that defendant did not pay the premiums timely nor did it render a statement or payroll within the time prescribed by the law, as extended by the State Insurance Fund of Puerto Rico and hence was an uninsured employer; that pursuant to Title 11 L.P.R.A. § 21, an employee of an uninsured employer has all the rights available to him under the civil and common law and the liabilities of the employer are the same as if the Workmen's Compensation Law of Puerto Rico did not exist, and that on July 2, 1958, while working for said uninsured employer, plaintiff suffered the accident further alleged in the complaint.

Defendant has not filed any responsive pleading denying or putting at issue the above allegations of the complaint.

All that it has done has been to file the aforesaid motion to dismiss to which it has attached a certificate in narrative form, signed by Orlando Cruz Monclova, Acting Chief of the Insurance Division of the State Insurance Fund, in which it is stated that he is the custodian of the records of the policies issued by the Fund under the provisions of the Workmen's Accident Compensation Act; that Alcoa Steamship Company appears in said records as a regular employer, and that during the fiscal year 1958–59, that is, since July 1, 1958, their policy No. 31974 was in full force and effect for all legal purposes.

Said certificate is entirely insufficient to rebut the allegations of the complaint above referred to. It is simply a mere narrative hearsay statement containing conclusions of its signer.

It does not contain any denial that the statements and payrolls of defendant were untimely filed, nor does it assert that Alcoa made timely payment of the premiums, nor does it satisfy me that,

as regards the accident involved herein, defendant must be lawfully considered to be an insured employer.

■ Under the provisions of law cited hereinabove, this court has the power, indeed the duty, to investigate and determine whether the statements and payrolls were timely filed by the defendant and whether it timely paid the premiums which entitled it to be considered as an insured employer at the time of the accident here in question, irrespective of the opinion of the signer of said certificate or of any opinion of the Manager of the State Insurance Fund arrived at in violation or defiance of the aforesaid provisions of law.

If this Court after a trial on the merits were to arrive at the conclusion that under the aforesaid provisions the defendant must be lawfully considered as an uninsured employer, as of the time of the accident in question, plaintiff's right to prosecute this action, under the second paragraph of Sec. 16, Title 11 L.P.R.A. could not be questioned.

To deprive the plaintiff of such a right, on the basis of mere opinions of administrative or executive officers, or of their actions, in violation or defiance of the clear mandate of the law, without the slightest intervention or participation of the plaintiff would be a flagrant miscarriage of justice.

Moreover, as the Court is considering defendant's motion to dismiss as one in the nature of a motion for summary judgment under Rule 56 of the F.R.Civ. P., the Court would not be lawfully warranted in holding that there is no genuine issue as to the material facts above discussed.

In Peckham v. Ronrico Corporation, 1 Cir., 171 F.2d 653, 657, the court held as follows:

■ "It is well settled that 'Rule 56 authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, that no genuine issue remains for trial.' Sartor v. Arkansas Natural Gas Corporation, 321 U.S. 620, 627, 64 S.Ct. 724, 729, 88 L.Ed. 967. A litigant has a right to a trial where there is the slightest doubt as to the facts. Arenas v. United States, 322 U.S. 419, 434, 64 S.Ct. 1090, 88 L.Ed. 1363; Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130, 135, 136; Arnstein v. Porter, 2 Cir., 154 F.2d 464, 470–471; Sarnoff v. Ciaglia, 3 Cir., 165 F.2d 167, 168."

■ Defendant's motion to dismiss must be, therefore denied.

It is so Ordered.