Ronald V. SIMPSON, Trustee in Bankruptcy Estate of Maurice E. Graves, Appellant,

v.

Maurice E. GRAVES et al., Appellees.

Court of Appeals of Kentucky.

March 13, 1970.

Wilbur Field, Louisville, for appellant.

Lawrence S. Grauman, Louisville, for appellees.

EDWARD P. HILL, Jr., Chief Justice.

Ma Be-ha Company commenced this action to recover its debt ($28,393.52) from Maurice E. Graves. By amended complaint plaintiff undertook to set aside as fraudulent a deed Graves made to his sister Beulah Schackert. Summary judgment was granted to Schackert and others. We hold that summary judgment was inappropriate and reverse.

Summons issued on the original complaint was served on Graves on March 19, 1964. On the same day (March 19, 1964) Graves went to his attorney, Benjamin Mazin, and had the latter prepare a deed of conveyance from Graves to Beulah Schackert, sister of Graves, in which Graves undertook to convey to his sister title to the real estate upon which Graves' dry cleaning establishment was being operated. This deed was made subject to a mortgage Graves made to Mazin in 1962 to secure a $12,000 note of Graves on which the mortgagor agreed to pay $235 per month, with a provision that the interest should be first taken out of each monthly payment and the balance applied on the principal.

At the time of the execution of the deed from Graves to his sister, she worked in his dry cleaning business for $40 per week. Thereafter and during the bankruptcy proceedings, she continued to work in the business as did Graves; although after the execution of the deed, Graves and his sister maintained the sister took over the management of the affairs of the business.

Nearly two months after Graves deeded his real estate to his sister, plaintiff (Ma Be-ha Company) filed an amended complaint joining Beulah P. Schackert, Benjamin Mazin and his wife, Bernice Mazin, and the former wife of Graves, in which plaintiff alleged that the deed was fraudulent as to his creditors. Thereafter Graves filed a voluntary petition in bankruptcy. Ronald V. Simpson, trustee in bankruptcy, was substituted as plaintiff.

Although summons was served on Schackert on May 16, 1964, she never filed an answer. In fact she took no steps until December 22, 1967, when her attorney filed motion for summary judgment. Five days later, she filed her own affidavit stating her brother (Graves) owed her $858.70, representing his indebtedness to her growing out of the settlement of their mother's estate some years previously. Incidently, Mazin also handled the settlement of the estate of the mother of Graves and Schackert. Schackert also stated in her affidavit that she assumed the payment of a balance of $9,909 on Mazin's mortgage; that as of the date of her affidavit she had paid Mazin $6,363.08, leaving $3,545.92. She denied Graves had actually remained in possession and control of the business, although she received no bill of sale for the business or equipment.

Plaintiff also attacked Mazin's mortgage dated October 19, 1962, as being an "unrecordable instrument" under KRS 382.330 for failure to state the "due date" of the debt secured therein.

The trial court granted summary judgment on motion of Mrs. Schackert.

First we address our attention to the question whether summary judgment was proper.

■ The procedure for summary judgment outlined by CR 56.03 placed the burden of persuasion on the movant—the defendant, Mrs. Schackert. She filed her

own affidavit and answered most of the interrogatories directed to her by the plaintiff. Yet the plaintiff, appellant in this court, filed no counter-affidavit. The general rule is that if the movant shows by affidavit or other evidence that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law, he should prevail on his motion for summary judgment. Ordinarily, if the movant comes forward with some evidence and the plaintiff offers no evidence, the movant should prevail. But a well-recognized exception arises where "badges of fraud" appear in the record. In such a situation, the plaintiff may not be required to offer proof by affidavit, or otherwise. To hold otherwise would amount to a denial of a full trial.

In the instant case, Mrs. Schackert is the sister of the grantor; she admits there was no other consideration passed at the time of the execution of the deed except the cancellation of her brother's debt to her growing out of the settlement of their mother's estate and the assumption by her of the balance due on Mazin's mortgage. There was other evidence tending to discredit her affidavit as to the debt Graves owed Mrs. Schackert. Considering the close blood relationship of the parties and the fact they were also closely associated in the operation of the business both before and after the date of the deed, we can see clearly a signpost directing us to the city of fraud and deceit. In this situation, even without counter-affidavit of the plaintiff, summary judgment is improper. Summary judgment is not a substitute for a trial. Puckett v. Elsner, Ky., 303 S.W.2d 250.

Even though doubt as to the existence of a genuine issue of material fact may be small, a litigant as against summary judgment has a right to trial where there is doubt about the facts. United States for Use and Benefit of J. A. Edwards & Co. v. Thompson Construction Corp., D.C., 22 F.R.D. 100; and Nazario v. Alcoa Steamship Company, D.C., 25 F.R.D. 39. See also Clay's Kentucky Practice, volume 7, 1969 annotation, CR 56.03, comment 5, wherein it is said: "However, it seems clear that one party should not be permitted to compel his adversary to try his case on this motion." Simmons Const. Co. v. Powers Regulator Co., Ky., 390 S.W.2d 901, and Conley v. Hall, Ky., 395 S.W.2d 575, are cited.

We have carefully checked the cases cited by appellant but do not find they control the facts in the present case.

Appellant contends that Mazin's mortgage should be held invalid for failure to "state the date and the maturity of the obligation" therein secured, required by KRS 382.330. We do not find a copy of this mortgage in the record; nor do we find an answer by Mazin. Without these records, the court is in no position to determine whether Mazin's mortgage was a recordable instrument. As a consequence of this conclusion, we need not discuss appellant's final argument that Mazin be held liable in damages for a violation of KRS 382.330.

The judgment is reversed.

All concur.