Matter of GILBERT BROADCASTING CORPORATION, a corporation of the State of Delaware authorized to do business in the State of New Jersey, Debtor.

Joseph S. SORIANO, Plaintiff,

v.

GILBERT BROADCASTING CORPORATION, a corporation of Delaware, Defendant.

Bankruptcy No. 83–0891.

United States Bankruptcy Court, D. New Jersey.

Nov. 14, 1985.

Lehman & Wasserman by Steven Z. Jurista, Millburn, N.J., for debtor.

Joseph Schoenholz, Millburn, N.J., for plaintiff.

Shashaty & Lalomia, Paterson, N.J. by Frances Gambardella, Glen Ridge, N.J., for trustee.

## OPINION

D. JOSEPH DeVITO, Bankruptcy Judge.

The trustee moves for reconsideration of the Court's opinion, entered in the above captioned matter on February 6, 1985, which opinion relates to the motion of Joseph S. Soriano seeking summary judgment declaring the underlying debt to be nondischargeable, and determining that he (Soriano) has the status of a secured creditor. For the reasons set forth below, the motion is denied. The opinion herein shall constitute the findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52, adopted for adversary proceedings by Bankruptcy Rule 7052.

The factual background of this matter commenced with the institution of a state court suit against Gilbert Broadcasting Corporation, the debtor herein, by Joseph Soriano, a former employee of Gilbert. In that action, Soriano charged that Gilbert's termination of his employment was unjust and in violation of his civil rights. Soriano prevailed in the state court action and was awarded a money judgment of $202,138.17.

Seeking to satisfy the noted judgment, Soriano sought to attach an outstanding debt of $330,000 which Sound Radio, Inc. owed Gilbert. It should be noted that the above debt was the result of the settlement of an administrative proceeding before the Federal Communications Commission, involving both Gilbert and Sound Radio. Following one abortive attempt, Soriano successfully levied an alias execution against Sound Radio on July 18, 1983.

A controversy ensued over Soriano's purported levy, which controversy came to this Court by reason of a bankruptcy petition filed by Gilbert on August 30, 1983. Following certain preliminary matters not pertinent here, the within adversary proceeding was filed by Soriano. In that proceed-ing, Soriano moved for summary judgment determining that the debt owed to him is nondischargeable, and that he be deemed a secured creditor in the amount of that judgment. The motion was granted. *Soriano v. Gilbert Broadcasting Corp.*, No. 83–0891 (Bkrtcy.D.N.J. Feb. 6, 1985).

Of significance to the instant matter are the portions of the February 6th opinion disposing of the arguments put forth by the trustee. The trustee alleges that, due to the failure of certain aspects of the aforementioned settlement of the F.C.C. administrative proceeding, the debt of Sound Radio to Gilbert was so immature that it could not be levied against.

Specifically rejecting that argument, the opinion states: "[t]he Court finds that the levy served upon Sound on July 18, 1983, a date following satisfaction of the prerequisites of the settlement agreement, did, in fact, perfect Soriano's lien." *Id.*, slip op. at 5–6. Thus, it was unequivocally decided that the matter giving rise to the $330,000 debt was settled and that Soriano held a valid lien thereon.

The Court now proceeds to the instant motion. In moving to alter or amend the prior opinion, the trustee relies on two points of argument. The first is essentially a restating of the assertions that the levied upon debt of $330,000 was not ripe for execution, thereby rendering Soriano's levy unenforceable.

The Court rejects this argument out of hand. The trustee is directed to the afore-cited holding in the February 6th opinion, where the Court did, indeed, find that the debt in question was sufficiently matured as to allow Soriano to attach it. Again in that opinion, the Court decided that Soriano held a perfected lien. Having already decided the specific question, it is incumbent upon the trustee to introduce new matter to convince this Court to revise or modify its previous decision. As the argument merely repeats contentions already considered, it is unpersuasive and the prior ruling will stand.

The second point of argument by the trustee is founded upon fresh ground. There it is alleged that the levy is a preferential transfer and, thus, subject to the trustee's avoiding powers, pursuant to § 544 of the Bankruptcy Code. The trustee contends that the levy was executed less than ninety days prior to the filing of Gilbert's bankruptcy petition, thereby constituting it to be a preferential transfer by virtue of the § 547 prohibition against transfers made within that time frame. Unfortunately, the Court finds the trustee's assertions to be incomplete.

Upon a fuller examination of the entirety of § 547, the Court finds that the levy by Soriano is not a preferential transfer in nature. To be sure, § 547 does indeed deem transfers made within the ninety days preceding a bankruptcy filing to be preferential and, thereby, subject to the trustee's avoiding powers. § 547[b][4][A]. However, this proscription is but one facet of a multi-pronged test. The next immediate subparagraph of § 547 further requires, as an element of preference, that the transfer be one:

■ that enables such creditor to receive more than such creditor would receive if—

> [A] the case were a case under chapter 7 of this title;
>
> [B] the transfer had not been made; and
>
> [C] such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547[b][5].

The quantum of proof required to resolve this issue is succinctly stated in the leading authorities.

> Section 547[b][5] is a central element of the preference section because it requires a comparison between what the creditor actually received and what other creditors would of the same class receive in a chapter 7 liquidation. The trustee must prove that the effect of the transfer is to enable the creditor to obtain a greater percentage of its debt than it would receive under the distributive provisions of the Code. Specifically, the creditor must receive more than it would if the case were a liquidation case, if the transfer had not been made, and if the creditor received payment of the debt to the extent provided by the provisions of the Code.
>
> 4 *Collier on Bankruptcy* ¶ 547.35 (15th ed. 1979). Note the burden on this point squarely resides with the trustee. *See also Landy v. Silverman*, 189 F.2d 80, 81 (1st Cir.1951). Should the trustee fail to show that the transfer has the effect as specified in § 547[b][5], he fails to meet the burden, and the transfer cannot be classified as preferential even though all the other elements of § 547 are satisfied. *Accord L & M Realty Corp. v. Leo*, 249 F.2d 668, 671 (4th Cir.1957).

In his argument, the trustee does not address the test of § 547[b][5]. See *Brief in Support of Motion To Reconsider Judgment* at 2–3, whereat the trustee, in his direct quotation of the very statute, omitted consideration of subparagraph [b][5]. *Brief* at 2. In this circumstance, the Court has no recourse but to reject the trustee's point of argument for his failure to respond to or, for that matter, even acknowledge the final requisite for a preferential transfer.

As a further aside, the Court must comment that, in any event, the trustee would have an arduous burden in this matter. Since the facts, as stipulated, clearly indicate that Soriano is oversecured to the extent of at least one hundred thousand dollars, in such circumstance it would be indeed difficult to prove a preferential transfer under § 547[b][5]. It is unlikely that it could be shown that Soriano would receive a greater amount by reason of his levy than he would receive normally, simply due to the uncontroverted fact that his judgment lien is more than adequately covered by the debt he attached. This being so, Soriano would receive the same amount on his judgment in any circumstances.

In conclusion, this Court reaffirms its opinion of February 6, 1985, in its entirety. The trustee's motion presents no factual

basis to warrant any alteration or modification of said opinion. The trustee having failed to meet his burden of proving that Soriano's levy is a preferential transfer, the motion by the trustee to alter or amend the February 6, 1985 opinion is hereby denied.

Submit an order in accordance with the above.