## VAUGHN v. JONES.

Court of Appeals of Kentucky.
May 1, 1953.

Waller, Threlkeld & Whitlow, Paducah, for appellant.

David R. Reed, Paducah, for appellee.

STANLEY, Commissioner.

The appellant, Herbert Vaughn, sued the appellee, James Jones, for $500 for damages to his automobile. Jones counterclaimed for $150 damages to his car. The verdict and judgment are for $100 in favor of Jones. The only ground submitted for a reversal of the judgment is that the appellant was entitled to a directed verdict. The case is rare since there was no contradiction in the evidence in its material aspects.

The appellant's son, Herbert Vaughn, Jr., was driving his father's car northwardly on U. S. highway No. 45 through the village of Lone Oak at 35 or 40 miles per hour while perhaps a hundred feet from the intersection of Friendship Road, a

secondary highway. There was a blinker caution signal overhead and a stop sign on the side road as it entered the highway from the east. Vaughn slowed down as he saw Jones approaching the intersection. Jones came to a complete stop as he was required to do by KRS 189.330(4). Vaughn testified Jones looked in his direction, then the other way and then pulled out into the highway in front of him. He applied his brakes and swerved to the left in order to avoid a collision. His car slipped on loose gravel and the front right of Vaughn's car and the left front fender of Jones' car collided.

Jones testified that he stopped before entering the main highway and "looked to the left and there was nothing coming." He then looked to his right and waited for some cars coming in that direction to pass. Then, said he, "I looked back to the left and started across, he hit me, I never did see where he come from." The highway was straight and Jones admitted having an unobstructed view for about 250 feet to where there was a parked truck. He does not claim Vaughn was traveling at an unreasonable speed, and the fact that Jones' car was "knocked about three feet" with minor damage shows he was not.

[1-4] Thus, it appears that Jones moved out into the highway after looking in the direction from which Vaughn was coming when it was "approaching so closely on the highway as to constitute an immediate hazard". KRS 189.330(4). It was not sufficient that he should have stopped. He should have yielded the right-of-way by not proceeding into the highway. KRS 189.330(4). Vaughn could assume, under the circumstances, that Jones would conform to the law and remain where he was until the way was reasonably clear and could act upon that assumption in determining his own manner of using the road. Short v. Robinson, 280 Ky. 707, 134 S.W.2d 594. The only excuse Jones offers is that he did not see the Vaughn car. We have said that testimony that one looked and did not see a train that was right on him was entitled to no reasonable credence; that "he will not be heard to say that he looked but did not

see" it. Nashville, C. & St. L. Ry. Co. v. Stagner, 305 Ky. 717, 205 S.W.2d 493; McCarter v. L. & N. R. Co., 314 Ky. 697, 236 S.W.2d 933. Sometimes maybe failure to see is because one's mind was not registering what his eyes beheld. "Mental abstraction, not due to any surrounding circumstance, does not palliate inattention to a known danger." 38 Am.Jur., Negligence, Sec. 187. If, under the circumstances, Jones ought to have seen the approaching car, he is guilty of negligence even though he testified he did not see it. 60 C.J.S., Motor Vehicles, § 363, p. 897, note 56, citing Hefner v. Pattee, 1 Wash.2d 607, 96 P.2d 583; Meyer v. Platte Valley Construction Co., 147 Neb. 860, 25 N.W.2d 412; Harrell v. Goodwin, La.App., 32 So.2d 758.

Thomas v. Dahl, 293 Ky. 808, 170 S.W.2d 337, relied upon by the appellee is distinguishable. A boy on a bicycle came almost to a stop before entering a public alley from a driveway. He saw an approaching delivery truck coming at an unlawfully rapid speed but assumed he could enter in safety. We pointed out that while the driver of a car on a superior road may assume, "but not with implicit impunity", that the other driver about to enter his path of travel will yield to him, such preferential right-of-way is a relative and not an absolute precedence and that it is the duty of the driver at all times to use reasonable care to avoid a collision. There was evidence of unlawful speed and a failure to keep proper lookout sufficient to show the truck driver might have avoided the collision by due care. In the present case, Jones had come to a complete stop, as Vaughn saw, and did not start across or upon the highway until Vaughn was right on him; then Vaughn did about all that he could do to avoid the collision.

We find no evidence that Vaughn was negligent. Jones was admittedly negligent. Therefore, the court should have directed the jury to return a verdict for Vaughn for such a sum as the evidence showed his car to have been damaged in the collision.

Judgment reversed.