Norman A. CHAMBLISS, Jr., Appellant,

v.

Charles D. LEWIS and Mae Lewis, Appellees.

Court of Appeals of Kentucky.

June 5, 1964.

Rehearing Denied Oct. 16, 1964.

Allen P. Cubbage, Cubbage & Cubbage, Leitchfield, Robert C. Jackson, Brandenburg, for appellant.

J. Henry Gibson and Paul Miller, Gibson & Miller, Hardinsburg, for appellees.

B. ROBERT STIVERS, Special Commissioner.

Norman Chambliss, Jr. is appealing from a judgment of the Breckinridge Circuit Court awarding Charles D. Lewis $10,000.00 for personal injuries and $1,492.57 medical expenses and Mae Lewis $5,000.00 for personal injuries and $759.01 medical expenses.

The only real issue for this court's determination is whether the lower court erred in not sustaining the appellant defendant's motion to peremptorily instruct the jury to find for the appellant on the ground that the appellee-plaintiff Charles D. Lewis was negligent as a matter of law in the operation of his motor vehicle and his negligence was the sole cause of the accident.

This accident occurred at the intersection of Kentucky Highways 261 and 105. Highway 261 is a through, black-top highway running east and west. Highway 105 is a gravel road running north and south with a stop sign at the intersection.

Charles D. Lewis was driving his automobile on Highway 105 with his wife, Mae Lewis, and Mrs. Roosevelt Duke as passengers. He testified that he came to a stop at the intersection, placed his automobile in low gear and pulled up a slight incline to the edge of the black-top. He then looked in both directions, seeing nothing to his right but observing a car coming from 400 to 1000 feet to his left. He assumed that he had time to cross.

About the time that his front wheels reached the graveled portion on the other side of the black-top highway, the appellant's car collided with the left side of his automobile causing severe injuries to both him and his wife. His evidence revealed that it was difficult to see to his left because of a slight incline and growing weeds which blocked his view in the direction of the approaching automobile.

Roosevelt Duke, the husband of the passenger in the Lewis car, testified that he had crossed the highway in his automobile ahead of the Lewis automobile and at that time he observed the Chambliss car about one mile away. He drove approximately 200 yards from the intersection, at which time he looked in his rear view mirror and saw the Lewis car at the far edge of the black-top. He then glanced to his left and saw the Chambliss automobile 200 or 300 yards from the intersection and traveling at an estimated speed of 70 to 75 miles per hour. Duke then got out of his truck and again saw the car within 200 or 300 yards of the intersection but neither saw the accident or heard the collision.

The appellant's evidence is as follows: He was proceeding in an easterly direction on Highway 261 at approximately 45 to 50 miles per hour when he first saw the Lewis car on Highway 105 approaching the intersection. When he reached a point within approximately 100 feet of the intersection the Lewis car, without stopping, proceeded to cross in front of him. He hit the brakes, cut to the left, slid 74 feet and collided with the left side of the Lewis automobile.

There were three witnesses, traveling west on Highway 261 a short distance from the intersection, who saw the Lewis car proceed across Highway 261 without stopping, and the ensuing accident. All three testified that there was nothing unusual about the speed of the Chambliss car that drew their specific attention. One of them testified that the Chambliss car was approximately 100 feet away when the Lewis car

arrived at the intersection. From this testimony and the facts it is evident that Lewis did not have time to cross the highway safely.

■ KRS 189.330(4) requires a motorist entering a main highway from a secondary road to stop and not proceed if an approaching car is so close as to constitute an immediate hazard. Couch v. Hensley, Ky., 305 S.W.2d 765.

■ Under the circumstances Chambliss could assume that Lewis would conform to the law and remain where he was until the way was reasonably clear and could act upon that assumption in determining his own manner of using the road. Vaughn v. Jones, Ky., 257 S.W.2d 583.

■ In the case at bar, Lewis saw the approaching automobile and moved onto the highway in view of the known danger. It appears that Lewis assumed the risk in trying to cross the highway knowing that a collision could result. With the car so near, whether Lewis stopped or didn't stop, he should have yielded the right-of-way by not proceeding onto the highway in the face of the known approaching automobile. Couch v. Hensley (supra) and Vaughn v. Jones (supra). Lewis testified that he clearly saw the Chambliss car but thought that he had time to cross the road. This assumption, coupled with the fact that a collision did result, is conclusive that Lewis was negligent.

It is our opinion that under circumstances such as in this case, where the approaching car on the arterial highway was in view for an unlimited distance, the speed of the approaching car cannot be considered to be a causative factor. From the standpoint of physics, the cause is simply that the two vehicles are attempting to occupy the intersection at the same moment. However, from the standpoint of law, the reason (excessive speed or otherwise) why the car on the arterial highway happens to be in the intersection

at that moment is immaterial, if the fact that it would be there at that moment was reasonably observable to the driver of the car on the inferior highway, because then the latter driver has the duty not to be in the intersection at that moment. The negligence of Lewis in the instant case was the sole cause of the accident. Therefore the court should have directed a verdict for Chambliss as against both Charles Lewis and Mae Lewis.

It is recommended that the judgment be reversed.

The opinion is approved and the judgment reversed with directions that if upon another trial the evidence is substantially the same, a verdict shall be directed for the defendant.