Walter DAVIDSON and James K. Simpson, Appellants,

v.

Ursula DAVIDSON, Appellee.

Court of Appeals of Kentucky.

June 17, 1966.

Rehearing Denied March 31, 1967.

Alva A. Hollon, Richard D. Cooper, Reeves, Barret & Cooper, Hazard, J. Robert Morgan, Hindman, for appellants.

Cordell H. Martin, Hindman, Rudy Yessin, Frankfort, for appellee.

PALMORE, Judge.

The appellee, Ursula Davidson, brought this action against her brother, the appellant Walter Davidson, seeking damages for personal injuries sustained by her in a collision between an automobile driven by Walter, in which she was a passenger, and an automobile driven by the appellant James K. Simpson. By third party complaint Walter Davidson asserted a claim for contribution against Simpson. Simpson and Walter Davidson appeal from a judgment entered pursuant to a jury verdict awarding Ursula $10,000 against Walter and "permitting Walter Davidson to collect $5,000.00 of same from James K. Simpson."

The single question is whether the evidence was sufficient to support a verdict in favor of Ursula Davidson against Walter Davidson. If not, the award of contribution falls also. Ursula Davidson did not sue Simpson.

Early in the afternoon of April 4, 1962, the Davidsons were driving westward on U. S. Highway 421 toward Frankfort from Lexington. It was a clear, dry day. As they approached the point where U. S. 62 intersects U. S. 421 from the south, just north of the town of Midway in Woodford County, they observed Simpson's car stopped on the intersecting road to their left. Expecting it to remain so until he

had passed, Walter Davidson continued ahead, but when he had reached a point "two or three car lengths" from the intersection the Simpson car pulled across in front of him and the Davidson car struck the right side of the Simpson car "just behind the lock on the front door." Davidson said he blew his horn and applied his brakes immediately before the collision.

Across U. S. 421 and several feet east of the point where U. S. 62 enters from the south Kentucky Highway 341 enters from the north (U. S. 62 continues eastward along U. S. 421 for several miles and then turns off to the north toward Georgetown). Thus the junction of these three highways forms an irregular crossroads. A yellow caution light overhangs the intersection, but U. S. 421 has precedence, and there was a stop sign for traffic approaching it on U. S. 62. Simpson was coming from Midway and intended to visit a restaurant located on the other or north side of the intersection. He said he looked to his left toward Frankfort and saw two cars approaching about a mile away, looked to his right toward Lexington and did not see any oncoming traffic, and then proceeded to cross. He did not see the Davidson vehicle until it hit him. He heard Davidson's horn at about the same moment.

Walter Davidson testified that he saw the Simpson car sitting at the intersection from a distance of 200 or 300 feet but did not slow down because he assumed it would stay there. Ursula testified that when the Davidson vehicle was "quite a distance" from the intersection she "saw this car sitting off the blacktop to my left, and this car suddenly pulled across the road in front of us and we collided with it."

Both U. S. 421 and U. S. 62 were blacktop roads two lanes in width. According to Simpson's own testimony the intersection was at least 40 feet wide and he had a clear view of U. S. 421 for a distance of 200 to 300 feet to the east, the direction from which the Davidson car was approaching. His theory is that since he looked but

did not see the Davidson car it must have been traveling at such a speed as to cover this 200 or 300 feet while he, at a speed of about 15 m. p. h., was moving some 20 feet to the point of impact. Walter Davidson estimated his speed at 45 to 55 m. p. h., and Ursula estimated it as 35 or 40 m. p. h.

Though it was not proved in any other manner, Simpson testified that the posted speed limit on U. S. 421 at the place of the accident was 35 m. p. h. Ursula Davidson contends that the verdict finding Walter Davidson negligent was justified on the basis of excessive speed.

In order for the Davidson car to have covered 200 or 300 feet while Simpson was moving 20 feet into the intersection it would have had to be traveling at a speed of 150 m. p. h. or more. The plaintiff Ursula Davidson's own testimony was, in effect, an admission that this was not so in fact and that the two vehicles were in full view of each other when the Simpson car started forward. Even without her testimony we do not think it could be reasonably maintained or found by a jury that the approaching Davidson car was not visible to Simpson before he entered the intersection. The evidence that Davidson was within two or three car lengths of the intersection when he did so was not contradicted. Under such circumstances Davidson's speed was not a proximate cause of the collision. Chambliss v. Lewis, Ky., 382 S.W.2d 207 (1964).

The facts of this case are almost exactly analogous to those in Vaughn v. Jones, Ky., 257 S.W.2d 583 (1953). Though the opinion in that case says Jones did not claim Vaughn was traveling at an unreasonable or unlawful speed, he could have done so with about as much force as Simpson does in this instance. The differences between the two cases are superficial, and indeed no effort has been made to distinguish them. It is our opinion that as a matter of law Davidson's speed, whatever it was, was not a proximate causal factor and that Simpson's negligence was the sole cause

of the accident. See also Riggs v. Miller, Ky., 396 S.W.2d 69 (1965).

The cause is reversed with directions to enter judgment n. o. v. dismissing the complaint and third party complaint.