Mrs. Emma TOOKE, Mother and Next Friend for Winston Delano Tooke, and Emma Tooke, Individually, Appellants,

v.

Omer D. ADKINS, Appellee and Cross-Appellant,

and

Frank Haddad, Jr., Administrator of the Estate of Gladys Mae Adkins, Deceased, Appellee and Cross-Appellant.

Court of Appeals of Kentucky.

June 9, 1967.

Rehearing Denied Sept. 29, 1967.

Hughes & Gregory, Murray, Waller, Threlkeld & Whitlow, Paducah, for appellants.

Joseph E. Fineman, Louisville, Johnstone & Eldred, Princeton, for appellee and cross-appellant, Omer D. Adkins.

Herman E. Frick, Louisville, for appellee and cross-appellant Frank Haddad, Jr.

CULLEN, Commissioner.

At a highway intersection Omer D. Adkins, with his wife as a passenger, drove his automobile into the path of an oncoming automobile owned by Emma Tooke and being driven by her son Winston. In the resulting collision Mrs. Adkins was killed, Mr. Adkins and Winston were injured, and both automobiles were damaged.

The Tookes sued Mr. Adkins. He counterclaimed. The administrator of the estate of Mrs. Adkins intervened and asserted a claim against the Tookes. They in turn amended their complaint to ask contribution or indemnity from Mr. Adkins with respect to any recovery against them by the administrator. On the damage claims between the Tookes and Mr. Adkins the jury found both drivers negligent and awarded no damages to either side. On the administrator's claim the jury awarded $15,724.17 against the Tookes, the

award consisting of $14,000 for general damages and $1,724.17 for funeral expenses. However, the trial court ruled that since Mr. Adkins would be the sole beneficiary of any recovery of general damages for the wrongful death of his wife (there being no children), and since his negligence contributed to her death, the general damages were not allowable. Accordingly the court entered judgment in favor of the administrator against the Tookes for the funeral expenses only. And although the issue of contribution had not been submitted to the jury, the court further entered judgment awarding the Tookes contribution from Mr. Adkins for half of the funeral expenses, on the theory that the jury's finding that both drivers were negligent automatically settled the contribution question.

The Tookes have appealed and both Mr. Adkins and the administrator have cross-appealed. Many fascinating issues are raised, but they have been eliminated by virtue of our conclusion, hereinafter detailed, that as a matter of law Mr. Adkins was negligent and his negligence was the sole cause of the collision.

In clear daylight Winston Tooke was headed northward on State Highway No. 93, south of the point where Old U. S. Highway No. 62 crosses No. 93 at right angles. Adkins was headed eastward on No. 62, west of the intersection. At the intersection No. 93 is the superior, arterial, or "through" highway, and there are stop signs on No. 62.

■ Reduced to the essentials, the facts of this case are simply that Adkins entered the intersection when the Tooke car was so close as to constitute an immediate hazard, in plain violation of KRS 189.330(4). Admittedly, Adkins had a clear view to his right for 800 feet. He said he looked carefully and saw nothing. However, all of the circumstances point unerringly to the fact that the Tooke car was in plain view and dangerously close.

It is true that Winston Tooke said he saw the Adkins car *approaching* the intersection but since it was going only five miles per hour he assumed it was going to stop before entering upon his path. The slow rate of speed of the Adkins car was confirmed by Mr. Adkins himself, who said he was approaching the intersection in low gear at a rate of from five to eight miles per hour. Although Tooke said that Adkins did not stop at the stop sign on the right side of No. 62 some 27 feet west of the intersection, this fact would not charge him with notice that Adkins would continue into the intersection without stopping, in view of the slow speed of the Adkins car which would enable it to stop immediately and in view of the fact that there was another stop sign on No. 62, in an island on the left side, right at the edge of the intersection, which Tooke could assume Adkins was intending to observe.

The facts of this case are indistinguishable from those in Vaughn v. Jones, Ky., 257 S.W.2d 583; Chambliss v. Lewis, Ky., 382 S.W.2d 207; Riggs v. Miller, Ky., 396 S.W.2d 69; and Davidson v. Davidson, Ky., 412 S.W.2d 221. Under the rationale of those cases it must be held that as a matter of law Adkins was negligent and his negligence was the sole cause of the collision. Metcalfe v. Hopper, Ky., 400 S.W. 2d 531, is distinguishable, because there the car on the superior highway was at least 450 feet away when the other car actually entered into the former's *driving lane*.

■ It is our conclusion that the trial court should have directed a verdict for the Tookes on the claims of Mr. Adkins and the administrator, and should have directed a verdict of *liability* on the Tookes' claims against Mr. Adkins, leaving only the question of damages for the jury. The Tookes made appropriate motions for such verdicts and for judgments n. o. v.

On the direct appeal the judgment is reversed with directions to enter judgment

dismissing the claims of Mr. Adkins and the administrator, and with directions to retry the question of damages only on the claims of the Tookes against Mr. Adkins. On the cross-appeals the judgment is affirmed.

All concur.