**Edna BAKER, Administratrix of Estate of Glenn F. Baker, Deceased, Appellant,**

**v.**

**CASE PLUMBING MANUFACTURING COMPANY, Inc., et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 19, 1968.

Charles G. Cole, Jr., Cole & Cole, Barbourville, for appellant.

H. M. Tye, Barbourville, for appellees.

CLAY, Commissioner.

In this motor vehicle collision case the trial court directed a verdict for the defendant at the conclusion of the opening statement made by the attorney for the plaintiff appellant. The basis of the ruling was that appellant's decedent was contributorily negligent as a matter of law.

The facts disclosed by the opening statement were that defendant's tractor-trailer struck the automobile driven by the deceased after it had been driven out onto the highway from a parked position at a roadside fruit stand. The accident happened in the daytime, on a section of the highway which was straight for a distance of at least 1,000 feet in each direction from the point where the collision occurred. Appellant's counsel stated that he would prove defendant's tractor-trailer was traveling at a speed of up to 80 miles an hour, and that it skidded for a distance of 130 feet before striking the automobile (in which the driver lost his life), and that the automobile when struck was turning to the left and was in the left hand lane as the trailer approached. Counsel also stated that this was a residential area.

The statute involved is KRS 189.330(7), which provides:

"The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right of way to all vehicles approaching on the highway."

It was the view of the trial judge that this statute imposed an *absolute* duty on the deceased to yield the right of way to defendant's vehicle regardless of the speed of such vehicle, and regardless of any other circumstances. In support of this ruling the trial judge relied on Chambliss v. Lewis, Ky., 382 S.W.2d 207. That was an intersection case governed by a different statute, KRS 189.330(4), which requires a motorist to stop at the entrance of a through highway and yield the right of way to other vehicles which are approaching so closely "as to constitute an immediate hazard". There the plaintiff driver had seen the approaching automobile driven by the defendant and had in effect tried to beat it across the intersection. Under those circumstances we held as a matter of law that defendant's approaching vehicle

was an immediate hazard known to the plaintiff, and that he "assumed the risk" in failing to yield the right of way. That case is somewhat inconsistent with Ramsey v. Deatherage, Ky., 342 S.W.2d 715, but in any event the ruling must be limited to the particular facts there involved.

■ The statute which governs the case before us, KRS 189.330(7), has been held in a number of cases not to impose an absolute duty to yield. Siler v. Williford, Ky., 350 S.W.2d 704, and cases cited therein.

The opening statement of plaintiff's counsel did not detail all the circumstances involved in this tragic accident. We do not know (and may never know) whether the decedent driver looked in the direction of defendant's approaching tractor-trailer. The distance and speed of that vehicle could possibly have been factors affecting his duty to yield.

■ In addition, the position of the decedent's automobile on the highway when struck may be most significant on the issues of negligence and proximate cause. It is to be remembered that in the opening statement plaintiff's counsel stated that defendant's vehicle had swerved into the wrong lane at the time of the collision. While this may not have been negligence in view of the emergency (cf. Webb Transfer Lines, Inc. v. Taylor, Ky., there could be an issue concerning defendant driver's negligence in failing to continue in his proper lane. This circumstance also raises a possible issue of last clear chance.

■ Directed verdicts on an opening statement should be given only when counsel has made admissions that are fatal to his client's case. Riley v. Hornbuckle, Ky., 366 S.W.2d 304. We do not believe the statement that the decedent driver was struck by an approaching vehicle after he emerged from a private entrance onto a

through thoroughfare is an admission of contributory negligence as a matter of law. Jury issues may develop when the plaintiff has put on her proof.

It is not suggested that a directed verdict for the defendant, after the introduction of evidence, would be unjustified. We simply do not know at this stage. We appreciate the position of the trial judge in terminating what appeared to be a useless trial, but on the particular opening statement before us, the directed verdict considerations were premature.

The judgment is reversed, with directions to grant appellant a new trial.

WILLIAMS, C. J., and MILLIKEN, OSBORNE, PALMORE, HILL and STEINFELD, JJ., concur.

MONTGOMERY, J., dissenting.

DISSENTING OPINION

MONTGOMERY, Judge.

I cannot agree with the majority opinion.

On December 15, 1967, this court, in Webb Transfer Lines, Inc. v. Taylor's Adm'r, Ky., construed KRS 189.330(7), the same statute involved here. The facts in the two cases are similar.

This quotation from that opinion is especially pertinent:

"Appellee contends that because the truck was on the wrong side of the road the truck driver was guilty of negligence as a matter of law. With this contention we cannot agree. Under the facts as shown here the only thing this proves is that the driver was doing everything within his power to miss the automobile which had suddenly blocked his lane of travel."

This quotation supports the view of the trial judge, based on Chambliss v. Lewis, Ky., 382 S.W.2d 207, as expressed in the majority opinion, that the driver of the vehicle about to enter the highway had an absolute duty to "yield the right of way to all vehicles approaching on the highway." Chambliss dealt with KRS 189.330(4), which says that "* * * the driver of a vehicle shall stop at the entrance to a through highway and shall yield the right of way to other vehicles which have entered the intersection from the through highway or which are approaching so closely on the highway as to constitute an immediate hazard, * * *."

There is no difference in principle in the two sections of KRS 189.330. Both are for the purpose of assuring through traffic the right of way over vehicles entering upon the highway from an inferior highway, private road, or driveway. In Riggs v. Miller, Ky., 396 S.W.2d 69, this court said that the driver on the through highway can assume that another driver approaching a stop sign will observe it. Otherwise, the statute is rendered ineffective. In Manning v. Claxon's Executrix, Ky., 283 S.W.2d 704, construing KRS 189.-330(5) on similar facts, the court said:

"Even assuming appellant's driver was negligent in turning out of his lane, and thus reacting improperly to the emergency situation presented, the fact remains that the emergency was created by Claxon's negligent violation of his statutory duty not to pull out onto the highway in the face of a vehicle approaching so closely as to create an immediate hazard."

The majority opinion indicates that the accident occurred at a place where the highway was straight for one thousand feet in each direction. In Couch v. Hensley, Ky., 305 S.W.2d 765, in which KRS 189.330(4) was involved, the court applied the rule in Vaughn v. Jones, Ky., 257 S. W.2d 583, holding that a driver pulling onto a highway "will not be heard to say

that he looked but did not see an approaching car when it was right there in clear view."

From the cases reviewed, KRS 189.330 was intended, and has been so construed, to mean that there is a duty on the part of a driver not to enter on a through highway until he can do so in absolute safety, and that his failure to do so in safety, in the absence of wanton or willful conduct on the part of the approaching driver, is an absolute bar to recovery. Any other holding destroys the very purpose of modern through highways and makes the entry on through highways a hazardous guessing game involving life and property.

The majority opinion is also wrong in holding the trial court in error for directing a verdict for the defendant at the close of the opening statement. The purpose of an opening statement is to allow the attorney for the plaintiff to outline the proof on which he expects to win his case. An opening statement, almost without exception, is stronger than the proof because it is a statement of the facts which counsel hopes to prove. This is indicated here by the counsel's statement that appellees' tractor-trailer was being driven at a speed up to eighty miles per hour. Counsel presents the most favorable view of his case in the opening statement. This is conclusively shown by the statement made to the court, .after the motion was made, that the evidence to be submitted by the plaintiff would be substantially the same as his opening statement. For this reason the suggestion expressed in the majority opinion that something more favorable may be shown by testimony has no merit.

The trial court, in directing a verdict after the opening statement, was following the mandate of CR 1 "to secure the just, speedy, and inexpensive determination" of the action. The trial judge's decision was proper. Caplinger v. Werner, Ky., 311 S. W.2d 201.

For these reasons I respectfully dissent.