**Dave PAYNE and Walter Payne, Appellants,**

v.

**Myrtle H. YADEN, Appellee.**

Court of Appeals of Kentucky.

June 28, 1968.

Terry E. Forcht, Sutton, Martin & Forcht, Corbin, for appellants.

Luker, Luker & Roberts, Charles R. Luker, London, for appellee.

CULLEN, Commissioner.

Dave Payne, driving a farm tractor owned by his brother Walter Payne, undertook to enter upon a state highway from a farm driveway, intending to turn to his left and proceed down the highway. He was struck by the automobile of Myrtle Yaden, which was coming from his left. The two Paynes sued Mrs. Yaden for Dave's personal injuries and Walter's property damage. She took a discovery deposition of Dave, in which he stated his version of the accident. On the basis of this deposition Mrs. Yaden moved for a summary judgment, which motion was not ruled on. However, at the trial, the court sustained a motion for a directed verdict for the defendant, made at the close of the opening statement for the plaintiffs. The record does not set forth a transcription of the opening statement but the judgment recites a stipulation by the parties that the statement was "in conformity with the discovery

deposition of the plaintiff, Dave Payne," and the deposition is in the record.

The Paynes have appealed from the judgment dismissing their claims.

According to Dave Payne's deposition he was struck while still within the area that would be embraced by the driveway lines if extended across the highway, but the rear of the tractor had cleared the center line by two feet and "was turning, I got almost straight."

The appellants recognize that they can prevail only by satisfactorily distinguishing Chambliss v. Lewis, Ky., 382 S.W.2d 207; Riggs v. Miller, Ky., 396 S.W.2d 69; Vaughn v. Jones, Ky., 257 S.W.2d 583; Davidson v. Davidson, Ky., 412 S.W.2d 221, and Tooke v. Adkins, Ky., 418 S.W.2d 220. They seek to make the distinction on the ground that Payne's tractor had crossed the center line when it was hit.

In our opinion the fact that the tractor had gotten two feet across the center line does not exonerate Dave Payne of negligence nor warrant a finding of negligence on the part of Mrs. Yaden. If the tractor was moving only seven miles per hour (Dave testified he was in "road gear" and he "sped up as much as it would go across there") its rear end crossed the center line only *one-fifth of a second* before the Yaden car arrived. No reasonable mind could find that leaving the oncoming car that margin of clearance constituted a yielding of the right of way as was required of Payne by KRS 189.330(7).

Dave Payne testified that he saw Mrs. Yaden's car "about 300 or 400 yards down there" and he "thought I had plenty of time to go across." Clearly the Yaden car was no such distance away because it could not possibly have traveled that distance while the tractor was going only some 20 feet. Even at 100 miles per hour the Yaden car would travel only some 450 *feet* in the three seconds it would take the tractor, at only 5 miles per hour, to travel 21 feet.

The fact that Mrs. Yaden may have turned into the left lane and struck the tractor there does not warrant a finding of negligence on her part when it is remembered that up until one-fifth of a second before the collision some part of the tractor was still in Mrs. Yaden's lane. Obviously she had no fair choice of alternatives.

This case is clearly distinguishable from Baker v. Case Plumbing Manufacturing Co., Ky., 423 S.W.2d 258, although there, as here, judgment was directed for the defendant at the conclusion of the opening statement of plaintiff's counsel. In the instant case, although the disposition of the case was in the form of direction of a verdict on the basis of the opening statement, in substance it amounted to the granting of a *summary judgment* on the basis of the discovery deposition. Here the plaintiff had told his story in full. In the Baker case the plaintiff's version of the accident had not been stated by any witness. In the opinion in the Baker case we pointed out that plaintiff's counsel "did not detail all the circumstances involved;" that the court did not know whether the plaintiff had looked in the direction of the defendant's approaching vehicle; and that the distance and speed of the defendant's vehicle could possibly have been factors. In the instant case the only witnesses to the accident were Dave Payne and Mrs. Yaden. In his deposition Dave related everything he knew—all the circumstances—the fact that he had looked—what he claimed as to distance and speed of the Yaden car. His story put him out of court, and there is no suggestion that he could have produced any other evidence on the trial. In fact, the appellants' only contention is that Dave's testimony in the discovery deposition made out a jury issue, with which contention we do not agree.

The judgment is affirmed.

All concur.