Willis **HALL**, Appellant,

v.

Griggs **KING**, Appellee.

Court of Appeals of Kentucky.

June 28, 1968.

As Modified on Denial of Rehearing
Oct. 11, 1968.

J. Robert Morgan, Cordell H. Martin, Hindman, for appellant.

Clark Pratt, Hindman, Miller, Griffin & Marks, Lexington, for appellee.

CULLEN, Commissioner.

The automobile of Willis Hall and the pickup truck of Griggs King collided on State Highway No. 7 in Knott County on a February afternoon. King sued Hall for personal injuries and property damage

and Hall counterclaimed for similar relief. Upon the trial the jury returned a verdict denying recovery to either party, on the ground that both were at fault. Judgment was entered accordingly, from which Hall has appealed. His primary contention is that he was entitled to a directed verdict on his counterclaim.

King, headed north on the north-south highway, intended to turn left into a farm driveway. His testimony in substance was that he pulled off the road a few feet on his right side to give a better angle for his turn and had turned back to the left preparatory to proceeding across the road into the driveway when he observed Hall's car approaching from the north; that he then stopped his truck at a slight angle across the northbound lane but with the front left tire of the truck about one foot east of the center line; that Hall's car skidded down the road and into the front end of the truck striking it about in the middle of the front grill. Two other witnesses testified also that King stopped in his lane of traffic but they were some distance from the scene and admittedly could not see the center line in the highway. The testimony of one of them was further of little value because it was that King was stopped partly off the road on his right side, which even King himself did not contend was true.

The testimony by King and his witnesses was that Hall's car left skid marks 120 feet in length. *However, the skid marks were entirely on Hall's side of the road* and did not come closer than six inches to the center line. There also was a short skid mark on King's side, about one foot from the center line, which King maintained was made by *his* car and the existence of which, he contended, was proof that his car was wholly on its proper side before the collision. Beginning at a point around 40 or 50 feet north of the point of

collision and extending north for a considerable distance there was a lot of mud on the road which had been deposited there by coal trucks coming from a side road. (So some 70 or 80 feet of Hall's skid was on this mud.)

One of the witnesses for King (a young girl who did not have a driver's license) said that Hall was "driving fast." King said that "to skid that far you know he was driving fast." There was evidence that the marked speed limit in the particular area was 40 miles per hour.

█ The only motion by Hall for a directed verdict was made at the close of *plaintiff's* evidence. To the extent that the overruling of that motion denied Hall a directed verdict dismissing *King's claim against him* Hall has no cause to complain because the jury found for him on that claim. The question is whether the court erred in failing to sustain the motion to the extent of directing a verdict of *liability* of King *on Hall's counterclaim* (leaving only the issue of damages to be tried). In order for there to have been such error the *plaintiff's* evidence must be considered to have established conclusively not only King's negligence but Hall's lack of negligence.[1]

█ It is our opinion that the plaintiff's evidence did show conclusively that King was negligent and Hall was not. First, we think the evidence required the conclusion that King's truck was across the line extending into Hall's lane of traffic. The skid marks of Hall's car, as observed by the plaintiff's witnesses, did not leave Hall's side of the road and continued from where they began to the point where Hall's car came to a stop after the accident. King argues that since the skid marks were within six inches of the center line the *body* of Hall's car could have extended across the center line so as to come in

---

1. Hall cannot rely on any of his own evidence to sustain his claim that he should have had a directed verdict, because he did not move for a directed verdict at the close of all the evidence. Cf. Claspell v. Brown, Ky., 332 S.W.2d 851.

contact with King's truck. However, this argument fails to take into consideration these facts: (1) The center line itself was undoubtedly some four inches wide, (2) King's truck was hit in the *middle* of the front which would require a body extension of unbelievable proportions, and (3) there was no evidence that even a normal body extension would reach more than six inches beyond the edge of the tire. Another indication that King was across the center line is found in the skid mark on his side, one foot from the center line. If the tire which made that skid mark was only one foot from the center line, as a matter of common knowledge the front bumper and grill of the truck would have extended over the line. This fact was admitted by one of King's witnesses.

It is our opinion that the "physical evidence" shows conclusively that King's truck extended across the center line into Hall's lane of traffic and that Hall's car did not leave his lane. Cf. Thornberry v. Smith, Ky., 346 S.W.2d 727. King must therefore be considered to have been negligent as a matter of law in turning across Hall's lane of traffic when Hall was so close that the turn could not be made with reasonable safety. KRS 189.380.

■ The only negligence sought to be attributed to Hall is that he was driving at an excessive speed. On this there were only (1) the testimony of one witness, a young girl who was not a licensed driver and who was in a back yard some 500 feet from the point of the accident, that Hall was "driving fast," and (2) the inferences to be drawn from the length of the skid marks. It is doubtful that the girl's testimony could be considered to constitute probative evidence that Hall was exceeding the speed limit. And the length of the skid marks furnished only a basis for conjecture as to Hall's rate of speed.

However, assuming that the evidence was sufficient to show excessive speed, there is no basis for a determination that the speed was a proximate cause of the collision. When King made his decision to turn across the road Hall's car was visible and its speed was observable. Under these circumstances, as a matter of law, Hall's speed was not a causative factor. See Chambliss v. Lewis, Ky., 382 S.W.2d 207; Riggs v. Miller, Ky., 396 S.W.2d 69; Davidson v. Davidson, Ky., 412 S.W.2d 221.

The evidence shows that Hall had no choice other than to apply his brakes and try to stop in his lane, because the lane to his left was occupied by the King truck and the shoulder to his right was occupied by two parked trucks, one on each side of the driveway into which King was turning.

There simply was no showing of negligence on Hall's part.

■ Although we are holding that Hall was entitled to a directed verdict of liability on his counterclaim, he was not entitled to judgment n. o. v. because he did not meet the requirement, for such judgment, of having moved for a directed verdict "at the close of all the evidence." CR 50.02. Accordingly, the case is remanded for a new trial of the counterclaim. (King's claim against Hall will not be retried because the judgment dismissing that claim was not appealed from.) Upon a new trial, if the evidence is substantially the same and if appropriate motion is made, Hall will be entitled to a directed verdict on the issue of liability of King.

The judgment is reversed with directions for further proceedings in conformity with this opinion.

All concur.