**Gilbert ELLISON et al., Appellants,**

v.

**C. E. BEGLEY et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 12, 1969.

James J. Gilliece, Covington, for appellant.

Martin W. Mitchell, Covington, for appellee.

STEINFELD, Judge.

Appellants, Gilbert Ellison and Bonnie Lou Ellison, his wife, sued appellees, C. E. Begley and Shelly Ann Begley, his daughter, for damages alleged to have arisen as a result of a collision of two motor vehicles in the city of Taylor Mill, Kenton County, Kentucky, on August 1, 1965. Motions for directed verdicts were overruled except as to C. E. Begley whose motion was sustained. The jury returned a verdict finding both drivers negligent but found no damages to have been sustained by Bonnie Lou Ellison who was a passenger. Gilbert Ellison and Bonnie Lou Ellison appeal claiming only that the lower court erred in overruling their motion for a judgment notwithstanding the verdict or for a new trial. We affirm.

 The Ellisons were driving northwardly on Taylor Mill Pike at about 45 miles per hour in a 30-mile-per-hour-zone. They rounded a curve which ended about 100 feet from the intersection of Walnut Street. Vehicles on Walnut Street were required to stop at the intersection of Taylor Mill Pike. Shelly Ann Begley was driving a Volkswagen westwardly on Walnut Street approaching the pike. She says that she stopped at the intersection, looked to the left then to the right, and proceeded out into the highway making a left-hand turn to go southwardly. Ellison testified that when he was about 100 feet from her car and she was about 15–20 feet from the intersection of the two roads he realized that she was not going to stop. He told his wife to look after the children in the rear of the car and applied his brakes. His car skidded only 20 feet before colliding with the left side of the Volkswagen. The Ellisons contend that they, being on the superior highway, had the right-of-way and were entitled to a directed verdict.

The right of one on a superior highway is not absolute and unqualified. He must "* * * exercise reasonable care to avoid collision with other vehicles * * *". Webb Transfer Lines, Inc. v. Taylor, Ky., 439 S.W.2d 88 (1968). There was sufficient evidence for the jury to have determined that Ellison was negligent, particularly that he did not apply his brakes as quickly as he should have when he realized that Miss Begley was not going to stop. Metcalfe v. Hopper, Ky., 400 S.W.2d 531 (1966) and Browning v. Callison, Ky., 437 S.W.2d 941 (1969).

Appellants argue that the speed of the Ellison car, even though it exceeded the limit, was not a proximate cause of the accident. They cite Vaughn v. Jones, Ky., 257 S.W.2d 583 (1953); Chambliss v. Lewis, Ky., 382 S.W.2d 207 (1964); Davidson v. Davidson, Ky., 412 S.W.2d 221 (1966) and Tooke v. Adkins, Ky., 418 S.W.2d 220 (1967). Whether speed was or was not a proximate cause we need not decide because we hold there was sufficient evidence on which the jury could determine that Ellison was negligent irrespective of the speed.

The judgment is affirmed.

All concur.