**LOUISVILLE TAXICAB & TRANSFER CO., Inc., Appellant,**

v.

**William T. KELLEY and Steven Bemis, Appellees.**

Court of Appeals of Kentucky.

June 12, 1970.

Louis N. Garlove, Morris, Garlove, Waterman & Johnson, Louisville, for appellant.

Harry L. Hargadon, Jr., Hargadon, Hargadon, Lenihan & Harbolt, Edwin Cohen, Louisville, for appellees.

REED, Judge.

A taxicab collided with a private car at an intersection. A passenger in the taxicab sustained personal injuries. A lawsuit resulted in which the taxicab company, the passenger, and the driver of the private car were parties. The jury found that the taxicab driver and the driver of the private car were both negligent as far as the injured passenger's claim was concerned and awarded damages to the passenger; it also found against the taxicab company on its claim for property damage against the driver of the private car. The taxicab company appeals and asserts that the accident was the sole fault of the driver of the private car.

It is insisted that directed verdicts should have been given which would have exonerated the taxicab company from liability on the passenger's personal injury claim and also would have adjudged that the taxicab company was entitled to a stipulated damage amount against the

driver of the private car for the property damage caused to the taxicab. Although we believe the taxicab company was entitled to prevail on its claim for property damage against the driver of the private car, we are, nevertheless, also of the opinion that the trial judge properly submitted the question of the liability of both the taxicab company and the driver of the private car to the taxicab passenger for the jury's determination. We affirm the judgment for the passenger against both the other parties but reverse that part of the judgment which dismissed the taxicab company's claim against the driver of the private car for property damage.

The accident happened in the afternoon. The weather was clear and dry. The cab driver, Lay, employed by appellant, Louisville Taxicab and Transfer Company, drove west on Ormsby Street; appellee, Kelley, was his passenger. Ormsby Street was the favored street. Cars were parked on both sides of Ormsby which had two open lanes for traffic—one lane for eastbound travel and the other for westbound. An alley intersected Ormsby. Appellee, Bemis, drove his car from this alley into the eastbound lane of Ormsby; he intended to move across Ormsby in a northerly direction. When the front end of his car had barely crossed the center of Ormsby and was in the westbound lane, the taxicab struck the right front of the Bemis car. Kelley was injured.

Bemis said that he "eased out" into the intersection. He also said that the parked cars impaired his vision of traffic on Ormsby before his entry into that boulevard; therefore, he made three stops before he attempted to cross the thoroughfare; he looked both to his left and right on the first two stops; his right was clear and he could see about 160 feet in that direction; on the last stop, however, he looked only to the left and started across the eastbound lane. He testified that when he was almost at the center of Ormsby, he saw the taxicab for the first time; his attention was directed to it because of its squealing brakes; the cab was two or three car lengths away. He said he immediately applied his brakes, travelled about four feet into the westbound lane, whereupon the cab struck his car; the impact was sharp. Bemis was permitted to estimate the speed of the cab at 35 to 40 m.p.h. This opinion appeared to be based on the force of the impact and the fact that the skid marks made by the cab were estimated at 30 to 50 feet long.

Lay, the cab driver, said that he was driving at a speed of 20 to 25 m.p.h.; that Bemis shot out of the alley and across his path; he said he immediately applied his brakes. The investigating officer reported that Lay claimed his speed was 25 m.p.h. Kelley, the passenger, estimated the cab's speed at 30 m.p.h. The speed limit at this location was 25 m.p.h.

■ The first problem is the cab company's claim for its property damage. The two drivers owed each other the duty of ordinary care. We recently have reconsidered the cases cited in the briefs on the issue presented that relates to the relative responsibilities of the two drivers involved in a collision between an automobile on a through highway and a motor vehicle entering upon that highway from an inferior highway. See Killman v. Taylor, Ky., 453 S.W.2d 574 (decided March 6, 1970).

■ When the rationale of Davidson v. Davidson, Ky., 412 S.W.2d 221, as explicated in the Killman opinion is applied to the facts in the instant case, it is apparent that Bemis was negligent as a matter of law and that his negligence was a proximate cause of the damage to the cab. The remaining question in this aspect of the case is whether the cab driver was negligent toward the other driver, Bemis, so as to bar recovery on the taxicab company's claim. Bemis premised this claim on the cab driver's speed. As pointed out, however, in Davidson and Killman, where the favored car is only two or three car lengths away when the disfavored vehicle intrudes, then the disfavored driver may

not excuse his failure to yield by the other driver's speed; the speed of the favored vehicle disappears as a causative factor. The result, however, is necessarily based on the proposition that each of the involved drivers is entitled to expect from the other only that type of care usually exercised by ordinarily prudent drivers. Therefore, on the evidence introduced by Bemis, the taxicab company was entitled to a directed verdict against him for its property damage in the amount stipulated by the parties in the instructions which the trial judge gave the jury. The taxicab company's motion for judgment n.o.v. to that extent should have been sustained.

 The remaining problem is the liability of the taxicab company to its passenger, Kelley. Here, the picture changes in an important particular. The cab driver owed a higher standard of care to Kelley than he did to Bemis, the other driver. Toward Kelley, the cab driver's standard of care was "the utmost skill and foresight." See Indianapolis & Southeastern T. Inc. v. Blankenship, Ky., 444 S.W.2d 267 (1969). That opinion points out that the cab driver's having the right-of-way will not preclude a finding that he was, nevertheless, concurrently negligent with respect to his passenger.

When the proper standard of care is applied in the case before us, it becomes apparent that the cab driver was free of negligence toward Bemis, but he could be found concurrently negligent with Bemis toward Kelley. The Killman case correctly notes that drivers have chances to avoid harm that passengers do not have. Here, we are not dealing with a driver from whom ordinary prudence only is expected; rather, we are dealing with a driver whose undertaking to his passenger is to exercise the utmost skill and foresight. Therefore, under the facts presented, reasonable minds could differ concerning whether Lay, the cab driver, exercised the standard of care required of him in transporting his passenger. Whether Lay exercised utmost skill

and foresight was a debatable matter; whether, as concerns Bemis, he exercised the care of an ordinarily prudent driver was not. The motion of the taxicab company for a directed verdict in its favor on Kelley's claim was correctly denied. We have now decided the only issues presented by this appeal.

That part of the judgment in favor of Kelley against Louisville Taxicab and Transfer Co., Inc., and Bemis is affirmed; that part of the judgment which dismissed the claim of Louisville Taxicab and Transfer Co., Inc., against Bemis is reversed with direction to enter a new judgment for the taxicab company against Bemis in the amount of the property damage stipulated.

All concur.