**Herman Randall CAPPS, Appellant,**

v.

**Peggy VIOLETT, Appellee.**

Court of Appeals of Kentucky.

Dec. 15, 1972.

Maxey B. Harlin, William J. Rudloff, Harlin, Parker, Lucas & English, Bowling Green, for appellant.

Robert D. Simmons, Douglas E. Robertson, Allender, Simmons & Robertson, Ray White, J. Marshall Hughes, White & Hughes, Bowling Green, for appellee.

OSBORNE, Justice.

This appeal arises out of an automobile accident which took place on U.S. 31W by-

pass in Bowling Green, Kentucky, about dusk on the afternoon of November 16, 1969. U.S. 31W bypass is a four-lane highway, without a center median, running generally north and south. It has free access on both sides from multiple cross streets and private driveways.

Herman Randall Capps, on the occasion giving rise to this controversy, attempted to enter U.S. 31W from its east side intending to cross the two northbound lanes of traffic and, upon reaching the west side, to turn back to his left to the south.

Appellee, Peggy Violett, was proceeding north following a green Mercury automobile. The Mercury planned to, and did, turn into the driveway from which Capps was exiting. There was no traffic in the southbound lanes. The impact between Violett's and Capps' cars took place at approximately the center of U.S. 31W and immediately in front of the drive from which Capps had exited. No one in the Capps vehicle was injured. Peggy Violett received multiple injuries and was awarded a judgment of $18,540 by the jury pursuant to the direction of the trial court to return a verdict in her favor.

It is the contention of the appellant herein, Capps, that the trial court should not have directed the jury to return a verdict in favor of the appellee but, instead, should have submitted the question of both appellant's and appellee's negligence to the jury. In support of this argument, appellant cites our cases of Webb Transfer Lines v. Taylor, Ky., 439 S.W.2d 88 (1968); Thomas v. Dahl, 293 Ky. 808, 170 S.W.2d 337 (1943); Deason v. Odem, Ky., 453 S.W.2d 598 (1970); 3 Blashfield Automobile Law and Practice, § 114.18, p. 36, citing Shook v. Bristow, 41 Wash.2d 623, 250 P.2d 946 (1952) and others.

Appellee contends just as· strongly that the trial court acted properly in directing the verdict and cites in support of her position our cases of Chambliss v. Lewis, Ky., 382 S.W.2d 207 (1964); Tooke v. Adkins, Ky., 418 S.W.2d 220 (1967); Vaughn v. Jones, Ky., 257 S.W.2d 583 (1953) and others. Neither party cites our most recent case of Killman v. Taylor, Ky., 453 S.W.2d 574 (1970), where we bring all these cases together and endeavor to classify and distinguish them. There we pointed out the distinguishing features and separated the cases into two categories as follows:

"The specific type of case with which we are concerned involves a collision between a motor vehicle on a through highway and a motor vehicle entering upon that highway from an inferior highway or a private entrance. The particular question is whether the operator of the vehicle on the through highway can be held guilty of negligence constituting a proximate cause of the collision, so as to render him liable to a *passenger* in one car or the other, or so as to bar his own claim for damages. We are not concerned here with the question of the *other* driver's negligence, which ordinarily has been fond to exist as a matter of law.

In one group of cases, which we shall call 'Group A,' this court held that the negligence of the driver who entered upon the through highway was as a matter of law the *sole* cause of the collision. In that group are Vaughn v. Jones, Ky., 257 S.W.2d 583; Chambliss v. Lewis, Ky., 382 S.W.2d 207; Riggs v. Miller, Ky., 396 S.W.2d 69; Davidson v. Davidson, Ky., 412 S.W.2d 221; and Tooke v. Adkins, Ky., 418 S.W.2d 220.

In a second group of cases, 'Group B,' we held that there was a jury issue as to whether the driver of the vehicle on the through highway was guilty of negligence constituting a proximate cause of the collision. In that group are Metcalfe v. Hopper, Ky., 400 S.W.2d 531; Tilford v. Garth, Ky., 405 S.W.2d 6; Browning v. Callison, Ky., 437 S.W.2d 941; Indianapolis & Southeastern Trailways, Inc. v. Blankenship, Ky., 444 S.W.2d 267; and Ellison v. Begley, Ky., 448 S.W.2d 371."

We believe this case falls under Group A. Without discussing in detail whether or not Capps was negligent in pulling out, we will only comment that in our opinion when Capps was about to enter a four-lane road with dual traffic on each side of the median, he was not warranted in assuming that another driver using that road would not change lanes of traffic where legally he had a right to do so and in a locality where it was shown that traffic conditions required frequent lane changes. To the extent that our opinion in McMichael v. Shircliffe, Ky., 365 S.W.2d 467, seems to be inconsistent with this position it is overruled. We believe this is in accord with our statement in Killman, supra, to the effect that the negligence of the driver entering under these conditions "ordinarily has been found to exist as a matter of law."

This leaves as the sole question before us whether the trial court erred when it determined as a matter of law that Capps' negligence was the sole cause of the collision and declined to submit the question of Mrs. Violett's negligence to the jury. We do not believe it did. The testimony of Capps, himself, was to the effect that when he entered the intersection the Violett car was from one to four car lengths behind the green Mercury, which was turning into the same driveway from which he was making his exit; that the Mercury had on its turn signal and had slowed down to make the turn. Thinking he could make it across the first lane of traffic ahead of the Violett car (assuming it remained in the curb lane), he entered the intersection and was struck in the second or center lane because the Violett car had changed lanes and speeded up. We do not believe that reasonable minds could conclude from his evidence that a person in Violett's position could have, in the exercise of ordinary care, done anything to avoid the collision. The space was too short and the event too sudden for her to have taken any effective evasive measures. In fact, with the green Mercury between her and the Capps' car, we believe it to be practically impossible to believe anything but that she was virtually up against the Capps' car when she first saw it.

Appellant complains that Violett did not give a turn signal or sound her horn when she changed lanes. Under the circumstances of this case we do not believe appellant can reasonably rely upon such failure. There is no reason to believe that Violett could or did see the Capps' car standing off the road. Had she given a false or erroneous signal and thereby induced Capps to come upon the road when he would not have otherwise done so would be another matter, but there is no contention she did this. Under the facts of the case, we do not believe Violett had a duty to Capps to give a signal that she was about to change lanes.

We have examined appellant's other contentions of error including those relating to the closing arguments of counsel and do not believe them to be prejudicial.

Judgment affirmed.

All concur.